**Shawna STELTER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 14, 2011.

Decided Feb. 16, 2011.

Shawna Stelter, pro se.

Janet M. Tarczy, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Shawna Stelter (Claimant) petitions this Court for review of the May 24, 2010 order of the Unemployment Compensation Board of Review (UCBR) affirming the

decision of the Referee denying benefits and establishing an overpayment of Emergency Unemployment Compensation (EUC) benefits. There is essentially one issue before the Court: whether Claimant should be responsible to pay back an overpayment of benefits when the overpayment was made due to no fault of Claimant. For reasons that follow, we affirm the order of the UCBR.

Claimant was employed by Manpower Temporary for one day: September 12, 2008. Claimant filed a claim for Unemployment Compensation (UC) benefits with an effective date of August 9, 2009. Claimant received UC benefits under the EUC program for the weeks ending September 12, 2009, September 19, 2009, and September 26, 2009. The Duquesne UC Service Center determined that Claimant was overpaid under 4001(b) of the EUC Law (Law)[1] since she had not exhausted all regular UC benefits. Claimant appealed, and two hearings were held by a Referee. Claimant did not appear at either hearing. On January 6, 2010, the Referee mailed his decision affirming the UC Service Center decision, denying benefits and establishing a non-fraud overpayment. Claimant appealed to the UCBR, and the UCBR affirmed the decision of the Referee. Claimant appealed, pro se, to this Court.[2]

Claimant argues that she should not have to pay back the overpayment because it was not her fault. We disagree.

Claimant had qualified for regular UC benefits. When those benefits were exhausted, Claimant started to receive EUC benefits. However, Claimant had qualified for a new benefit year of regular UC benefits, and as a result, Claimant received both regular and emergency benefits for the weeks ending September 12, 2009, September 19, 2009, and September 26, 2009.

Section 4001(b) of the Law, provides that a "State agency ... will make payments of emergency unemployment compensation to individuals who—(1) have exhausted all rights to regular compensation under the State law or under Federal law with respect to a benefit year...." Section 4005(b) and (c) of the Law[3] provides in pertinent part as follows:

(b) Repayment.—In the case of individuals who have received amounts of emergency unemployment compensation under this title to which they were not entitled, the State shall require such individuals to repay the amounts of such emergency unemployment compensation to the State agency, except that *the State agency may waive such repayment if it determines that—*

(1) *the payment of such emergency unemployment compensation was without fault on the part of any such individual; and*

(2) *such repayment would be contrary to equity and good conscience.*

(c) Recovery by State Agency.—

(1) In General.—*The State agency may recover the amount to be repaid,* or any part thereof, *by deductions from any* emergency unemployment compensation payable to such individual under this title or *from any unemployment com-*

**1.** Title IV of the Supplemental Appropriation Act of 2008, Public Law 110–252, 122 Stat. 2323, § 4001(b), 26 U.S.C. § 3304 Note.

**2.** This Court's review is limited to determining whether the findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed. *Johnson v. Unemployment Comp. Bd. of Review,* 869 A.2d 1095 (Pa.Cmwlth.2005).

**3.** Public Law 110–252, 122 Stat. 2323, § 4005(b), (c), 26 U.S.C. § 3304 Note.

*pensation payable to such individual. . . .*

(Emphasis added). Here, Claimant had not exhausted her regular UC benefits for the new benefit year. In addition, although the payment of EUC benefits was not her fault, such repayment would not be contrary to equity and good conscience, since it is undisputed she received benefit payments from both UC and EUC concurrently. Moreover, to the extent that Claimant continues to receive regular UC benefits, the repayment is properly deducted from said benefits. Thus, the UCBR did not err in affirming the order of the Referee.[4]

For all of the above reasons, the order of the UCBR is affirmed.

## ORDER

AND NOW, this 16th day of February, 2011, the May 24, 2010 order of the Unemployment Compensation Board of Review is affirmed.

---

4. This Court notes that Claimant further raises the issue of having received no notice of her court hearings. However, after failing to appear at the two hearings scheduled before the Referee, the UCBR remanded for another hearing to secure Claimant's appearance, and determine whether she had cause for failing to appear before the Referee. Notice was sent to her last known address, which is the same address that appears on Claimant's brief, and not returned by postal authorities as undeliverable. Claimant again did not appear. There is no need to further address this issue.