**Rita J. DEKLINSKI, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 20, 2012.

Decided Feb. 23, 2012.

Robert M. Cravitz and Matthew R. Cravitz, Selinsgrove, for petitioner.

Judith M. Gilroy, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Rita J. Deklinski (Claimant) petitions for review of the July 1, 2011, order of the Unemployment Compensation Board of Review (UCBR), which affirmed the decision of a referee to deny Claimant's request for a waiver of repayment of emergency unemployment compensation (EUC) benefits under section 4005(b) of the Emergency Unemployment Compensation Act of 2008(Act).[1] We vacate and remand.

Claimant filed an application for unemployment compensation (UC) benefits. (UCBR's Findings of Fact, No. 1.) The Department of Labor and Industry (Department) created a record for EUC benefits on January 3, 2010. (UCBR's Findings of Fact, No. 2.) Claimant was eligible for regular UC benefits; however, Claimant received both UC benefits and EUC benefits for the weeks ending January 9, 2010, through February 20, 2010. (UCBR's Findings of Fact, Nos. 3–4.) Claimant received $2,478.00 in EUC benefits to which she was not entitled as a result of the Department's duplicate payments. (UCBR's Findings of Fact, No. 5.)

On March 2, 2011, the Department issued three notices of determination to Claimant, wherein the Department: (1) found that Claimant had been overpaid $2,478.00 in EUC benefits to which she was not entitled; (2) found that Claimant's overpayment was fraudulent because she failed to notify the Department about the duplicate payments; and (3) assessed nine penalty weeks against her.

Claimant timely appealed to the referee, who held a telephone hearing on May 2, 2011, during which Claimant and her husband testified.[2] In conjunction with her appeal, Claimant requested a waiver of repayment under section 4005(b) of the Act. The referee affirmed the overpayment determination but modified it to a non-fraud overpayment. The referee, however, denied Claimant's request for a waiver because, although the overpayment was not her fault, Claimant failed to demonstrate that repayment would cause her financial hardship. Thus, the referee concluded that repayment was not against equity and good conscience. (Referee's Decision/Order at 3.)

Claimant timely appealed to the UCBR, which affirmed. The UCBR concluded that, although Claimant was not at fault for the overpayment, she was not entitled to a waiver. Citing our court's recent decision in *Stelter v. Unemployment Compensation Board of Review*, 14 A.3d 929 (Pa.Cmwlth.2011), the UCBR determined that, because "the claimant received duplicate payments, repayment of the EUC overpayment is not contrary to equity and good conscience." (UCBR's Decision & Order at 2.) Claimant now appeals from that decision.[3]

1. Title IV of the Supplemental Appropriation Act of 2008, P.L. 110–252, 122 Stat. 2353, Section 4005(b), 26 U.S.C. § 3304 Note. Section 4005(b) of the Act provides:

   In the case of individuals who have received amounts of [EUC] under this title to which they were not entitled, the State shall require such individuals to repay the amounts of such [EUC] to the State agency, except that the State agency may waive such repayment if it determines that—
   (1) the payment of such [EUC] was without fault on the part of any such individual; and

   (2) such repayment would be contrary to equity and good conscience. 26 U.S.C. § 3304 Note.

2. Claimant's husband, Bryan Deklinski, was also her employer.

3. Our scope of review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether the factual findings are supported by substantial evidence. *Rock v. Unemployment Compensation Board of Review*, 6 A.3d 646, 648 n. 5 (Pa.Cmwlth.2010).

On appeal, Claimant asserts that the UCBR erred in requiring her to repay the EUC overpayment because the overpayment was not her fault and doing so would cause her financial hardship. Because the UCBR failed to make any findings of fact or conclusions of law with regard to Claimant's financial hardship claim, we vacate and remand.

In *Stelter*, the claimant qualified for regular UC benefits and, once they were exhausted, she began receiving EUC benefits. She then qualified for a new benefit year of regular UC benefits, but she received both regular UC and EUC benefits for three weeks. 14 A.3d at 930. The UCBR determined that the claimant received a non-fraud overpayment and ordered her to repay it. On appeal, the claimant argued that she should not have to pay back the overpayment because it was not her fault. In concluding that the claimant was required to repay the funds, we stated:

> Claimant had not exhausted her regular UC benefits for the new benefit year. In addition, although the payment of EUC benefits was not her fault, such repayment would not be contrary to equity and good conscience, since it is undisputed she received benefit payments from both UC and EUC concurrently.

*Id.* at 931.

We agree with Claimant that *Stelter* is distinguishable from this case. Claimant here does not merely argue that the overpayment was not her fault. Claimant also argues that repayment would be against equity and good conscience because it would cause her financial hardship, a claim not made in *Stelter*, and she presented evidence to support this claim at the hearing. This court has recognized financial hardship as a basis for a waiver request. *See, e.g., Grunwald v. Unemployment Compensation Board of Review*, 829 A.2d 786, 788 (Pa.Cmwlth.2003).

Although Claimant raised the financial hardship claim before the referee and in her appeal to the UCBR, the UCBR failed to address it. Accordingly, we vacate the UCBR's order and remand for findings of fact and conclusions of law on the issue of whether repayment of the EUC overpayment would cause Claimant financial hardship.

### ORDER

AND NOW, this 23rd day of February, 2012, we hereby vacate the July 1, 2011, order of the Unemployment Compensation Board of Review and remand for further proceedings. Jurisdiction relinquished.