**Matthew GNIPP, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 2013.

Decided Dec. 20, 2013.

W. David Slomski, Pittsburgh, for petitioner.

Maribeth Wilt–Seibert, Assistant Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge LEAVITT.

Matthew Gnipp (Claimant) petitions for review of an adjudication of the Unemployment Compensation Board of Review assessing a non-fraud overpayment of emergency unemployment compensation (EUC) benefits under the Emergency Unemployment Compensation Act of 2008[1] for claim weeks ending January 21, 2012, through May 19, 2012. Claimant does not dispute the overpayment, but argues that it should not be recouped because he was not at fault. We affirm.

Claimant was employed by DynCorp as a security specialist deployed in Baghdad, Iraq from 2009 to 2011. Claimant declined to extend his contract with Employer and applied for unemployment compensation benefits on April 24, 2011. His claim was granted, and he began receiving benefits. After Claimant exhausted his regular unemployment compensation benefits, he received EUC benefits.[2] Employer challenged Claimant's eligibility for benefits twice in 2011; both times the Referee affirmed his eligibility.

On January 6, 2012, Employer appealed the second Referee's decision. On May 17, 2012, the Board reversed the Referee's decision because it concluded that Claimant had voluntarily quit his job without cause of a necessitous and compelling nature. The Board noted "that this decision follows two prior decisions of eligibility, such that any overpayment should be deemed non-fault, non-recoupable under Section 804(b)(1)(i) of the [Unemployment Compensation Law, 43 P.S. § 874(b)(1)(i)[3] ]." Certified Record Item No. 2; Board Adjudication, May 17, 2012, at 2.

The UC Service Center issued two notices of determination on May 24, 2012. The first established a non-fault, non-recoupable overpayment of regular unemployment compensation benefits under Section 804(b) of the Law, 43 P.S. § 874(b). The second determination advised Claimant that he had received a non-fraud overpayment of $10,314 in EUC benefits for the weeks ending January 21, 2012, through May 19, 2012. The notice further advised Claimant that he would be required to repay the overpayment pursuant to Sections 4005(b) and 4005(c) of the EUC Act of 2008 unless he obtained a

1. Title IV of the Supplemental Appropriations Act of 2008, P.L. 110–252, 122 Stat. 2323, Sections 4001–4007, 26 U.S.C. § 3304 note.

2. EUC benefits are federally funded and were created by Congress pursuant to the EUC Act of 2008. *McKenna v. Unemployment Compensation Board of Review*, 981 A.2d 415, 417 (Pa.Cmwlth.2009). The EUC benefits programs are administered by the states. *Id.* In Pennsylvania, unemployed claimants who are not eligible for regular unemployment compensation benefits from Pennsylvania, another state, the federal government, or Canada may be eligible for EUC benefits. *Id.* Eligibility requirements for receipt of regular unemployment benefits are also applicable to EUC benefits, along with additional requirements imposed by the EUC Act of 2008. *Id.*

3. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(b)(1)(i).

waiver or successfully appealed the determination. Claimant appealed the UC Service Center's determination but did not request a waiver of his obligation to repay the overpayment of EUC benefits.

The Referee conducted a hearing on the sole issue of whether Claimant was entitled to the EUC benefits he received for the weeks ending January 21, 2012, through May 19, 2012. Claimant testified that he should not have to repay the benefits because he submitted the disputed claims at the suggestion of the Department of Labor and Industry's representatives. Claimant testified that he would not have applied for benefits if he had known he was not entitled to them. Notes of Testimony, June 26, 2012, at 2–3.

By decision dated July 3, 2012, the Referee affirmed the UC Service Center's determination. In doing so, the Referee noted that Pennsylvania's Unemployment Compensation Law expressly allows the Department to decide whether an overpayment of regular unemployment benefits is non-fault and, thus, beyond recoupment. The federal EUC Act of 2008 is worded differently and requires a claimant to repay an overpayment unless he obtains a waiver or successfully appeals. Accordingly, the Referee was constrained to affirm the UC Service Center's determination. The Referee advised Claimant that he was still eligible to request a waiver of repayment of the EUC overpayment.

On July 9, 2012, Claimant appealed the Referee's decision to the Board. The Board affirmed and adopted the Referee's findings and conclusions. Claimant petitioned for this Court's review, arguing that the Board erred in requiring him to repay the overpayment of EUC benefits. The Board filed an application for summary relief contending that the issue of whether Claimant was entitled to a waiver of his repayment obligation was not properly before this Court because he had to first present it to the Department. The Court granted the Board's application. On reconsideration, the Court vacated its order granting summary relief and directed the Board to file a responsive brief. The Court further directed the Board to include a comparative analysis of *Deklinski v. Unemployment Compensation Board of Review*, 37 A.3d 1262 (Pa.Cmwlth.2012), and *Rouse v. Unemployment Compensation Board of Review*, 41 A.3d 211 (Pa. Cmwlth.2012). The matter is now ready for disposition.

On appeal,[4] Claimant argues that the Board erred in holding that he must repay the non-fraud overpayment of EUC benefits. Claimant asserts that he should be relieved of this obligation because he was not at fault and because requiring repayment would be inequitable. Employer responds that Claimant's issue is not properly before this Court because a request for waiver of repayment of an EUC overpayment must be initiated and addressed in a separate proceeding.

We begin with the relevant provisions of the EUC Act of 2008. Section 4005(b) requires an individual who has received an overpayment of EUC benefits to repay the amount to the applicable state agency, except that the agency may waive repayment if it determines that

(1) the payment of such emergency unemployment compensation was without fault on the part of any such individual; and

---

4. This Court's review is limited to determining whether the findings of fact were supported by substantial evidence, whether constitutional rights were violated, or whether errors of law were committed. *Stelter v. Unemployment Compensation Board of Review*, 14 A.3d 929, 930 n. 2 (Pa.Cmwlth.2011).

(2) such repayment would be contrary to equity and good conscience.

Section 4005(b) of the EUC Act of 2008, 26 U.S.C. § 3304 note. Section 4005(c)(1) directs the state agency to recover the amount to be repaid by deductions from the individual's EUC or regular unemployment compensation benefits during the three-year period following the overpayment. 26 U.S.C. § 3304 note. The state agency is not permitted to recoup an overpayment under Section 4005(c)(1) "until a determination has been made, notice thereof and an opportunity for a fair hearing has been given to the individual, and the determination has become final." Section 4005(c)(2) of the EUC Act of 2008, 26 U.S.C. § 3304 note.

The Board explains that the Department uses a two-step procedure with respect to recoupment of overpayments made under the EUC Act of 2008. First, it determines eligibility for EUC benefits. If a claimant is found ineligible for EUC benefits he has received, then an overpayment is imposed. Second, it determines, in accordance with Section 4005(b) of the EUC Act of 2008, whether the overpayment was with or without fault, and whether repayment will be "contrary to equity and good conscience." This case followed this two-step procedure.

This Court sanctioned the two-step procedure in *Rouse,* 41 A.3d 211, which is on point with the instant case. In *Rouse,* the referee affirmed the UC Service Center's determination that the claimant was overpaid EUC benefits. The referee also held that the overpayment was not the result of fraud and reversed an assessment of penalty weeks. The claimant appealed to the Board arguing that she should not have to repay the EUC benefits because the overpayment was not her fault. The Board

held that the issue of whether the claimant could have the repayment waived was not before it and that she would have to request a waiver from the Department.

On appeal, the claimant continued to assert waiver of repayment as her sole issue. In affirming the Board, this Court held that

> [t]he litigation [before the referee and the Board] concerned only whether Claimant had received an overpayment of benefits and whether any overpayment was the result of fraud. That litigation determined that Claimant received a non-fraud overpayment, and Claimant does not challenge that conclusion. As the UC Service Center's instructions explained, a request for a waiver of repayment must be decided in a *separate proceeding.* The request must first be made to the Department by submitting the appropriate form and an appeal can then be taken if a waiver is denied.

*Id.* at 213.[5] In short, eligibility for a waiver is a determination that must be made in a separate proceeding.

Claimant cites this Court's decision in *Deklinski,* 37 A.3d 1262, to support his argument that it would be inequitable for the Department to recoup the EUC overpayment. It is true that in *Deklinski* this Court reaffirmed its previous holding that it is contrary to "equity and good conscience" to require a claimant to repay an EUC overpayment if doing so will create a financial hardship. *Id.* at 1264 (citing *Grunwald v. Unemployment Compensation Board of Review,* 829 A.2d 786, 788 (Pa.Cmwlth.2003)). However, *Deklinski* is factually distinguishable from the case *sub judice.* There, the claimant requested a waiver of repayment in conjunction with

5. The "appropriate form" referenced in *Rouse* is the Department's Form UC–1656(EUC), Request for Waiver of Repayment of EUC Overpayment. *Rouse,* 41 A.3d at 213.

her appeal to the referee. The referee denied the claimant's waiver request because, even though the overpayment was not her fault, she failed to demonstrate that repayment would cause her financial hardship. The Board affirmed, holding that because "the claimant received duplicate payments, repayment of the EUC overpayment is not contrary to equity and good conscience." *Id.* at 1263.

On appeal, this Court held that the Board erred by not addressing the claimant's financial hardship claim because she raised that issue before the referee and presented supporting evidence at the hearing. We vacated and remanded for findings of fact and conclusions of law on the merits of the claimant's financial hardship claim.

Although this Court has approved the Department's two-step process for resolving an alleged overpayment of EUC benefits, it is not clear whether the two steps may occur in the same proceeding, as in *Deklinski,* or must occur separately, as in *Rouse.* The Board asserts the latter but it does not offer a cogent reason for requiring separate proceedings. Nor can the Court conceive of one. The crucial part of the process is ensuring that a record is made before the fact finder on whether repayment will be contrary to equity and good conscience. Whether that record is made and the issue decided at the same time or subsequent to the finding of non-fault is of no moment.

In any event, we agree with the Board that the present case is akin to *Rouse,* not *Deklinski.* There is no dispute that Claimant did not raise the issue of financial hardship before the Referee; therefore, the Referee, and the Board, did not err in limiting their review solely to whether Claimant was eligible for the EUC benefits he received from January 21, 2012, through May 19, 2012. Accordingly, we affirm the Board.[6]

### *ORDER*

AND NOW, this 20th day of December, 2013, the order of the Unemployment Compensation Board of Review dated September 18, 2012, in the above-captioned matter is hereby AFFIRMED.

---

**6.** We note that on September 11, 2012, while Claimant's appeal to the Board was pending, he filed a request for waiver of repayment of the EUC overpayment with the Department on Form UC–1656(EUC). *See* Exhibit A to Petitioner's Response to Application for Summary Relief. The UC Service Center issued a notice of determination on September 27, 2012, denying the request because Claimant had not provided "sufficient information" to support his request for a waiver. *Id.* The notice advised Claimant that "[i]f your request for waiver is denied because you did not provide sufficient information, you may immediately provide additional information and file another request." *Id.* The Court is unaware whether Claimant refiled his waiver request with additional financial information, but that would be the appropriate course for Claimant to follow.