IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Megiana Gjini,                              :
                  Petitioner        :
                                           :
          v.                           : No.  532 C.D. 2022
                                           : Submitted:  April 6, 2023
Unemployment Compensation                   :
Board of Review,                            :
                  Respondent        :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                            FILED:  October 10, 2023


      Megiana Gjini (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) mailed April 25, 2022, which affirmed the Unemployment Compensation Referee's (Referee) decision finding Claimant ineligible for Federal Pandemic Unemployment Compensation (FPUC) benefits and finding a non-fraud FPUC overpayment in the amount of $9,600.  After review, we affirm.

      On May 15, 2020, Claimant filed an application for Pandemic Unemployment Assistance (PUA) benefits, effective March 22, 2020.  Certified Record (C.R.) at 3. The Department of Labor and Industry, Office of Unemployment Compensation

Benefits (Department) issued a Notice of Determination (Notice) on November 25, 2020, indicating Claimant was ineligible for FPUC benefits under Section 2104(f)[1] of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act)[2] and assessing a non-fraud overpayment of $9,600. *Id*. at 25. Notably, the Determination specified the "overpayment must be repaid, unless a waiver is requested and granted, or this determination is reversed on appeal." *Id*. at 25.

On November 27, 2020, Claimant appealed the Department's Notice. *Id*. at 29. On July 28, 2021, and August 16, 2021, the Referee held telephone hearings at which Claimant and her counsel participated.[3] Claimant testified she applied for PUA benefits because she received a Notice from the Department on April 6, 2020, notifying her she was not eligible for Unemployment Compensation (UC) benefits. *Id*. at 153.

After the August 16, 2021 hearing, the Referee issued an order affirming the Department's Notice. *Id*. at 157-67. Claimant appealed to the Board, which mailed its decision April 25, 2022. *Id*. at 183-88. The Board affirmed the Referee's decision[4] finding Claimant was not entitled to FPUC benefits because Section

---

[1] 15 U.S.C. § 9023.

[2] 15 U.S.C. §§ 9001-9141.

[3] Due to translation and technical difficulties, the two hearings did not proceed as scheduled, and the Referee continued the July 28, 2021 hearing to August 16, 2021.

[4] The Board affirmed the Referee's order insofar as it pertains to this appeal at Board Docket number 2021001694-BR. The Board vacated portions of the order that pertained to other appeals, specifically Board Docket number 2021001695-BR, which addressed the PUA ineligibility and overpayment, and addressed the appeals in separate orders. Consequently, by order dated July 29, 2022, this Court denied the Board's Application for Relief in the Form of a Motion for Consolidation of Cases and ordered that this appeal proceed seriately with the petitions for review filed at 531 C.D. 2022, related to Claimant's overpayment of PUA benefits, and 533 C.D. 2022, **(Footnote continued on next page…)**

2

2104(b)(1) of the CARES Act entitles a claimant to $600 per week in FPUC benefits for weeks she was eligible for PUA. Because the Board determined Claimant was not eligible for PUA, Claimant was ineligible for FPUC benefits. Additionally, the Board concluded that because Claimant received $9,600 in FPUC benefits to which she was not entitled, a non-fraud overpayment existed.[5] *Id.* Claimant filed a Petition for Review in this Court.

On appeal, Claimant argues the Board erred by failing to consider whether the overpayment was Claimant's fault and whether repayment would be contrary to equity and good conscience. Claimant's Br. at 4. In response, the Board asserts this Court should affirm the Board's decision because Claimant's only claim relates to waiver of her overpayment, which was not ruled on by the Board. Board's Br. at 8. We agree with the Board.

This Court reviews unemployment compensation orders for violations of a claimant's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa. C.S. § 704. Absent a showing of due cause, it is beyond our Court's scope of review to address questions, other than the validity of a statute, not raised before the Board. 2 Pa. C.S. § 703(a).

Section 2104(f)(2) of the CARES Act provides:

---

related to denial of Claimant's PUA benefits. Order, 7/29/22. Thus, we address those petitions for review in separate memorandum opinions and orders. *See Gjini v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 531 C.D. 2022, filed Oct. 10, 2023); *Gjini v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 533 C.D. 2022, filed Oct. 10, 2023).

[5] To recover a non-fault overpayment, the Department will deduct "from any future benefit payments during the benefit year when the benefit was paid and the three-year period immediately following that benefit year. The deductions may not exceed one-third of the weekly benefit rate . . . . Voluntary repayment is also accepted." Office of Unemployment Compensation, Overpayment of Benefits, https://www.uc.pa.gov/unemployment-benefits/overpayment-of-benefits/Pages/default.aspx (last visited Oct. 6, 2023).

In the case of individuals who have received amounts of [FPUC] . . . to which they were not entitled, the State shall require such individuals to repay the amounts of such [FPUC] . . . to the State agency, except that the State agency may waive such repayment if it determines that--

(A) the payment of such [FPUC] . . . was without fault on the part of any such individual; and

(B) such repayment would be contrary to equity and good conscience.

15 U.S.C. § 9023(f)(2).

Claimant relies on this Court's decision in *Deklinski v. Unemployment Compensation Board of Review*, 37 A.3d 1262 (Pa. Cmwlth. 2012), to support her argument that it would be contrary to equity and good conscience to require repayment. Claimant's Br. at 9. In *Deklinski*, this Court noted it is contrary to "equity and good conscience" to require a claimant to repay UC benefits when doing so would create a financial hardship. *Deklinksi*, 37 A.3d at 1264. However, in *Deklinski*, the claimant requested a waiver of repayment with her appeal to the referee. *Id*. at 1263. The referee denied the claimant's waiver request because, despite the overpayment not being her fault, she failed to demonstrate repayment would cause her financial hardship. *Id*. After the Board affirmed the referee's decision, this Court held the Board erred by not addressing the claimant's financial hardship claim after she raised that issue before the referee and presented evidence to support her position. *Id*. Therefore, this Court remanded for findings of fact and conclusions of law on the merits of the claimant's financial hardship claim. *Id*. at 1264.

The case here is more akin to the situation set forth in *Rouse v. Unemployment Compensation Board of Review*, 41 A.3d 211 (Pa. Cmwlth. 2012). In *Rouse*, the referee affirmed the Department's determination that the claimant had a non-fraud

4

overpayment of UC benefits. *Id*. at 212. The claimant appealed to the Board and argued she should not have to repay the UC benefits because the overpayment was not her fault. *Id*. The Board held the issue of whether the claimant could waive repayment was not before it and she would have to separately request a waiver from the Department. *Id*. On appeal to this Court, the claimant continued to assert waiver of repayment as her sole claim. *Id*. at 213. This Court affirmed the Board's decision and explained that

> [t]he litigation [before the referee and the Board] concerned only whether [the c]laimant had received an overpayment of benefits and whether any overpayment was the result of fraud. That litigation determined that [the c]laimant received a non-fraud overpayment, and [the c]laimant does not challenge that conclusion. As the [Department's] instructions explained, a request for a waiver of repayment must be decided in a *separate proceeding*. The request must first be made to the Department by submitting the appropriate form and an appeal can then be taken if a waiver is denied.

*Id.* Likewise, in addressing whether a claimant's waiver of repayment of benefits request should be granted, this Court in *Gnipp v. Unemployment Compensation Board of Review*, 82 A.3d 522, 526 (Pa. Cmwlth. 2013), held that where the claimant failed to raise the issue of financial hardship before the referee, the Board did not err in limiting its review solely to whether the claimant was eligible for UC benefits during the relevant dates. This Court specified the "crucial part of the process is ensuring that a record is made before the fact finder on whether repayment will be contrary to equity and good conscience." *Id.*

In this case, the only issue before the Referee and the Board concerned whether Claimant received an overpayment of FPUC benefits and whether the FPUC overpayment was fraudulent. Claimant failed to raise the issue of waiver either by submitting a form requesting a waiver or raising the issue of financial hardship

5

before the Referee or the Board. Because this issue was not before the Board, it is beyond this Court's scope of review. *See* 2 Pa. C.S. § 703(a). Accordingly, the Board's order is affirmed.[6]

_____
STACY WALLACE, Judge

---

[6] As the Board points out in its Brief, Claimant is "not without remedy . . . . Claimant has the opportunity to request a waiver of repayment of the FPUC overpayment by contacting the Department and requesting an Overpayment Waiver Questionnaire Form (Form UC-1656). After Claimant completes the Form UC-1656 by providing the necessary financial information, the Department can then rule upon her waiver request." Board's Br. at 13-14 (footnote omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Megiana Gjini,                          :
                    Petitioner          :
                                        :
        v.                              :  No.  532 C.D. 2022
                                        :
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :

# **O R D E R**

AND NOW, this 10th day of October 2023, the Unemployment Compensation Board of Review's April 25, 2022 order is **AFFIRMED**.

_____
STACY WALLACE, Judge