# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Megiana Gjini, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 531 C.D. 2022 |
| | : | Submitted: April 6, 2023 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                                         FILED:  October 10, 2023


Megiana Gjini (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board) mailed April 25, 2022, which affirmed the Unemployment Compensation Referee's (Referee) decision finding Claimant ineligible for Pandemic Unemployment Assistance (PUA)[1] and finding a non-fraud PUA overpayment of $3,600.  After review, we affirm.

---

[1] "PUA provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons . . . ."  Office of Unemployment Compensation, Pennsylvania's Pandemic Unemployment Assistance Portal, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited Oct. 6, 2023).

On May 15, 2020, Claimant filed an application for PUA benefits, effective March 22, 2020. Certified Record (C.R.) at 178. For the weeks of April 11, 2020, through July 25, 2020, and October 17, 2020, through October 24, 2020, Claimant filed a claim for and received $3,600 in PUA. *Id.* On November 25, 2020, the Department of Labor and Industry, Office of Unemployment Compensation Benefits (Department) issued a Notice of Determination (Notice) indicating Claimant was not entitled to the $3,600 she received in PUA benefits under Section 2102(h) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act).[2,3] *Id.* at 20. The Department noted that because Claimant claimed PUA benefits while she qualified to receive regular Unemployment Compensation (UC) benefits, this was a non-fraud overpayment. *Id.*

On November 27, 2020, Claimant appealed the Department's Notice. On July 28, 2021, and August 16, 2021, the Referee held telephone hearings at which

---

[2] Section 2102(h) of the CARES Act provides:

> Except as otherwise provided in this section or to the extent there is a conflict between this section and part 625 of title 20, Code of Federal Regulations, such part 625 shall apply to this section as if--
>
> > (1) the term "COVID-19 public health emergency" were substituted for the term "major disaster" each place it appears in such part 625; and
> >
> > (2) the term "pandemic" were substituted for the term "disaster" each place it appears in such part 625.

15 U.S.C. § 9021(h).

[3] 15 U.S.C. §§ 9001-9141.

Claimant and her counsel participated.[4] In relevant part, Claimant testified she worked for Grip-Flex, which temporarily closed due to COVID-19 in March 2020. *Id*. at 147. Further, Claimant testified she applied for PUA benefits because she received a Notice from the Department on April 6, 2020, indicating she was not eligible for UC benefits. *Id*. at 148.

After the August 16, 2021 hearing, the Referee issued an order affirming the Department's Notice. *Id*. at 152-62. Relevant to this appeal, the Referee concluded Claimant was ineligible for PUA benefits under Section 2102(a)(3)(A)(i) of the CARES Act[5] as Claimant was eligible for UC benefits during that time. *Id*. at 154. Further, the Referee determined Claimant did not engage in fraud to obtain PUA benefits, and, therefore, a non-fraud overpayment was established under Section 2102(h) of the CARES Act. *Id*. at 155.

Claimant appealed to the Board, which mailed its decision on April 25, 2022. *Id*. at 178-83. Relevant to this appeal,[6] the Board affirmed the Referee's order determining Claimant had a non-fraud overpayment subject to repayment under

---

[4] Due to translation and technical difficulties, two scheduled hearings did not proceed, and the Referee continued the July 28, 2021 hearing to August 16, 2021.

[5] Section 2102(a)(3)(A)(i) of the CARES Act provides a "covered individual" is an individual who "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation." 15 U.S.C. § 9021(a)(3)(A)(i).

[6] The Board vacated portions of the Referee's order that pertained to other related appeals and addressed those issues in separate orders. Consequently, by order dated July 29, 2022, this Court denied the Board's Application for Relief in the Form of a Motion for Consolidation of Cases and ordered this appeal proceed seriately with the petitions for review filed at 532 C.D. 2022, related to Claimant's Federal Pandemic Unemployment Compensation benefits, and 533 C.D. 2022, related to denial of Claimant's PUA benefits. Order, 7/29/22. Thus, we address those petitions for review in separate memorandum opinions and orders. *See Gjini v. Unemployment Comp. Bd. of Rev*. (Pa. Cmwlth., No. 532 C.D. 2022, filed Oct. 10, 2023); *Gjini v. Unemployment Comp. Bd. of Rev*. (Pa. Cmwlth. No., 533 C.D. 2022, filed Oct. 10, 2023).

Section 2102(d)(4) of the CARES Act.[7,8]  *Id.*  Claimant timely filed a Petition for Review (Petition) in this Court.

On appeal, Claimant argues the Board erred by failing to consider the overpayment to Claimant was not Claimant's fault and by failing to consider whether repayment would be contrary to equity and good conscience under Claimant's circumstances.  Claimant's Br. at 2.  In response, the Board asserts Claimant failed to preserve a challenge to the Board's findings or its legal conclusion, contending the only issue Claimant raises on appeal is the waiver of her overpayment, which she failed to raise at any point during the administrative process.  Board's Br. at 12.

This Court reviews unemployment compensation orders for violations of a claimant's constitutional rights, violations of agency practice and procedure, and other errors of law.  2 Pa. C.S. § 704.  We also review whether substantial evidence supports the findings of fact necessary to sustain the Board's decisions.  *Id.*  The Board is the fact-finder in these cases and is entitled to assess witness credibility and weight of the evidence.  *Hubbard v. Unemployment Comp. Bd. of Rev.*, 252 A.3d 1181, 1185 n.2 (Pa. Cmwlth. 2021) (citation omitted).  Absent a showing of due cause, it is beyond our Court's scope of review to address questions, other than the validity of a statute, not raised before the Board.  2 Pa. C.S. § 703(a).

---

[7] Section 2102(d)(4) of the CARES Act grants a state authority to waive the repayment by providing that individuals who have received PUA to which they were not entitled are required to repay the amounts of PUA, except if the state waives the repayment upon a determination that the payment of PUA was not the fault of the individual and repayment would be "contrary to equity and good conscience."  15 U.S.C. § 9021(d)(4).

[8] To recover a non-fault overpayment, the Department will deduct "from any future benefit payments during the benefit year when the benefit was paid and the three-year period immediately following that benefit year.  The deductions may not exceed one-third of the weekly benefit rate . . . . Voluntary repayment is also accepted."  Office of Unemployment Compensation, Overpayment of Benefits, https://www.uc.pa.gov/unemployment-benefits/overpayment-of-benefits/Pages/default.aspx (last visited Oct. 6, 2023).

4

The CARES Act provides for PUA to be provided to any "covered individual" while such individual is unemployed or unable to work due to COVID-19, during the weeks in which the individual is not entitled to any other unemployment compensation. 15 U.S.C. § 9021(a)(5). A "covered individual" is an individual who "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation." 15 U.S.C. § 9021(a)(3)(A)(i).

Here, in the Board's decision, it indicated Claimant's overpayment was subject to repayment under Section 2102(d)(4) of the CARES Act, which grants the state waiver authority upon a determination that the payment of PUA was not the fault of the individual and repayment would be "contrary to equity and good conscience." 15 U.S.C. § 9021(d)(4). Notably, Claimant does not dispute the overpayment. Instead, Claimant cites this Court's decision in *Deklinski v. Unemployment Compensation Board of Review*, 37 A.3d 1262 (Pa. Cmwlth. 2012), to support her argument that it would be contrary to equity and good conscience under these circumstances to require repayment. Claimant's Br. at 7.

Claimant correctly points out that in *Deklinski*, this Court noted that it is contrary to "equity and good conscience" to require a claimant to repay UC benefits when doing so would create a financial hardship. *Deklinski*, 37 A.3d at 1264. However, in *Deklinski*, the claimant requested a waiver of repayment with her appeal to the referee. *Id.* at 1263. The referee denied the claimant's waiver request because despite the overpayment not being her fault, she failed to demonstrate that repayment would cause her financial hardship. *Id.* After the Board affirmed the referee's decision, this Court held the Board erred by not addressing the claimant's financial hardship claim after she raised that issue before the referee and presented evidence

5

to support her position.  *Id*.  Therefore, this Court remanded for findings of fact and conclusions of law on the merits of the claimant's financial hardship claim.  *Id*. at 1264.

The case here is more akin to the circumstances set forth in *Rouse v. Unemployment Compensation Board of Review*, 41 A.3d 211 (Pa. Cmwlth. 2012).  In *Rouse*, the referee affirmed the Department's determination that the claimant had a non-fraud overpayment of UC benefits.  *Id*. at 212.  The claimant appealed to the Board and argued she should not have to repay the UC benefits because the overpayment was not her fault.  *Id*.  The Board held the issue of whether the claimant could have the repayment waived was not before it and she would have to request a waiver from the Department.  *Id*.  On appeal to this Court, the claimant continued to assert waiver of repayment as her sole claim.  *Id*. at 213.  This Court affirmed the Board's decision and explained that

> [t]he litigation [before the referee and the Board] concerned only whether [the c]laimant had received an overpayment of benefits and whether any overpayment was the result of fraud.  That litigation determined that [the c]laimant received a non-fraud overpayment, and [the c]laimant does not challenge that conclusion.  As the [Department's] instructions explained, a request for a waiver of repayment must be decided in a *separate proceeding*.  The request must first be made to the Department by submitting the appropriate form and an appeal can then be taken if a waiver is denied.

*Id*.

Likewise, in addressing whether a claimant's waiver of repayment of benefits request should be granted, this Court in *Gnipp v. Unemployment Compensation Board of Review*, 82 A.3d 522, 526 (Pa. Cmwlth. 2013), held that where the claimant failed to raise the issue of financial hardship before the referee, the Board did not err in limiting its review solely to whether the claimant was eligible for UC benefits

6

during the relevant dates. This Court specified that the "crucial part of the process is ensuring that a record is made before the fact finder on whether repayment will be contrary to equity and good conscience." *Id.*

Similarly, in this case, the only issues before the Referee and the Board concerned whether Claimant received an overpayment of PUA benefits and whether the PUA overpayment was fraudulent. Claimant did not raise the issue of waiver either by submitting a form requesting a waiver or raising the issue of financial hardship or repayment before the Referee or the Board. Thus, there is no record evidence of whether repayment of the overpaid PUA benefits would cause Claimant financial hardship or is contrary to equity and good conscience. As this issue was not before the Board, it is beyond this Court's scope of review. *See* 2 Pa. C.S. § 703(a). Accordingly, the Board's order is affirmed.[9]

_____
STACY WALLACE, Judge

---

[9] As the Board points out in its Brief, Claimant is "not without remedy . . . . Claimant has the opportunity to request a waiver of repayment by contacting the Department and requesting an Overpayment Waiver Questionnaire Form (Form UC-1656). After Claimant completes the Form UC-1656 by providing the necessary financial information, the Department can then rule upon her waiver request." Board's Br. at 12-13.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Megiana Gjini,                         :
                    Petitioner         :
                                       :
            v.                         : No.  531 C.D. 2022
                                       :
Unemployment Compensation              :
Board of Review,                       :
                    Respondent         :

# **O R D E R**

**AND NOW**, this 10th day of October 2023, the Unemployment Compensation Board of Review's April 25, 2022 order is **AFFIRMED**.

_____
STACY WALLACE, Judge