IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey L. Mull,                   :
          Petitioner        :
                          :
      v.                  :  No. 1518 C.D. 2022
                          :
Unemployment Compensation  :
Board of Review,            :
          Respondent   :  Submitted: November 9, 2023

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                     FILED: December 21, 2023

Jeffrey L. Mull (Claimant) petitions for review, *pro se*, of the October 31, 2022 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of a Referee finding Claimant liable for a non-fraud overpayment of pandemic unemployment assistance (PUA) benefits in the amount of $5,125. We affirm.

## **Background**

Claimant filed a claim for regular unemployment compensation (UC) benefits in May 2019, after his previous employer closed its operations. Bd.'s Finding of Fact (F.F.) No. 2. Claimant's regular UC benefits period began on May 12, 2019. Record (R.) Item No. 2.

In August 2019, Claimant accepted a part-time position as a crossing guard with Selinsgrove Area High School. Notes of Testimony (N.T.), 4/12/22, at 5. In March 2020, Claimant was offered a position with Knoebels Amusement Resort, but

he was unable to begin the job due to the COVID-19 pandemic shutdown. Bd.'s F.F. No. 3.

In April 2020, Claimant filed an application for PUA benefits, effective March 1, 2020. *Id.* No. 1. Claimant was initially told by a Department of Labor and Industry (Department) representative to apply for PUA benefits because he was ineligible for regular UC benefits. *Id.* No. 4; N.T., 4/12/22, at 5-6. Claimant, however, was later deemed eligible for regular UC benefits. Bd.'s F.F. No. 5.

Claimant received $5,125 in PUA benefits for claim weeks ending April 4, 2020, through June 20, 2020. *Id.* No. 6. Claimant also received $7,200 in federal pandemic unemployment compensation (FPUC) benefits for the same 12 claim weeks. *Id.* No. 7.

On January 19, 2021, the Department issued a Notice of Determination to Claimant, finding that he had received $5,125 in PUA benefits to which he was not entitled for claim weeks ending April 4, 2020, through June 20, 2020, under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. §§ 9001-9141.[1] R. Item No. 3. The Notice of Determination stated: "*This is a non-fraud overpayment because you claimed* [*PUA*] *when you qualified for*

---

[1] Section 2102(b) of the CARES Act provides that PUA may be provided to any "covered individual" while he or she is unemployed or unable to work due to COVID-19, during the weeks in which the individual is not entitled to any other unemployment compensation. 15 U.S.C. § 9021(b). Section 2102(a)(3)(A)(i) of the CARES Act defines "covered individual" as one who "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation, including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law"). 15 U.S.C. § 9021(a)(3)(A)(i) (emphasis added); *see also Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1060 (Pa. Cmwlth. 2023) (recognizing that "the PUA program was created to provide temporary income assistance to individuals who are unemployed due to specified COVID-19 pandemic-related reasons, and who are not eligible for regular state or federal UC benefits").

[*regular UC*], Pandemic Emergency Unemployment Compensation and Extended Benefits in the [Commonwealth] of Pennsylvania." *Id.* (emphasis added).

Claimant appealed to the Referee, who held a telephone hearing on April 12, 2022.[2] Following the hearing, the Referee affirmed the Department's finding of a $5,125 non-fraud PUA overpayment for claim weeks ending April 4, 2020, through June 20, 2020. R. Item No. 9. The Referee concluded in pertinent part:

> Claimant was initially told to appl[y] for PUA benefits because he thought he was not deemed eligible for regular [UC] benefits. . . . Claimant was later deemed eligible for regular UC. As . . . Claimant was deemed eligible for regular [UC] . . . , [he] is ineligible for PUA benefits for the claims weeks at issue due to other program eligibility under the provisions of Section 2102(a)(3) of the CARES Act . . . .
>
> . . . .
>
> *Since . . . Claimant is ineligible for the PUA benefits received, an overpayment must be established.  There is no evidence of fraud.  Therefore, a non-fraud overpayment is established* under the provision of Section 2102(h) of the CARES Act[, 15 U.S.C. § 9021(h)] . . . .

*Id.* (emphasis added).

---

[2] The record shows that the Department issued three Notices of Determination on January 19, 2021, and Claimant filed separate appeals from each Notice of Determination to the Referee. *See* R. Item No. 9.  The Referee considered all three appeals during the telephone hearing on April 12, 2022.  *See* R. Item No. 7.  The appeal at docket number 2021024198-AT involved the Department's determination of Claimant's ineligibility for PUA benefits "due to other program eligibility" under Section 2102(a)(3) of the CARES Act.  *See* N.T., 4/12/22, at 4.  The appeal at docket number 2021024205-AT involved the Department's determination of Claimant's non-fraud overpayment of $7,200 in FPUC benefits.  *See id.*  The appeal at docket number 2021024200-AT, which is at issue here, involved the Department's determination of Claimant's non-fraud overpayment of $5,125 in PUA benefits.  *See id.*; R. Item No. 3.

Claimant appealed to the Board, which adopted the Referee's findings of fact and conclusions of law and affirmed the Referee's decision.[3] The Board further concluded:

> On appeal, [C]laimant generally argues [that] the Referee erred in determining that he was ineligible for [PUA] benefits. However, *the Referee found that [C]laimant was eligible for regular UC benefits during the applicable time period* [*when*] *he received PUA benefits. Because claimants are not eligible for PUA benefits at the same time th*[*ey*] *are eligible for regular UC benefits, we determine* [*that*] *the Referee did not err.*

R. Item No. 12 (emphasis added). Therefore, the Board concluded that Claimant had "a non-fraud PUA overpayment in the amount of $5,125." *Id.* The Board further instructed: "Because [C]laimant's overpayments are deemed non-fraud, he may submit a request to have them waived. [C]laimant will need to submit a completed overpayment waiver questionnaire to the Office of Unemployment Compensation Benefits." *Id.* Claimant now petitions for review of that decision.[4]

## Analysis

Claimant first challenges the Board's conclusion that he was ineligible for PUA benefits for 6 of the 12 claim weeks at issue – specifically, claim weeks ending April 4, 2020, through May 9, 2020. Claimant asserts that he exhausted his initial claim for regular UC in March 2020 and did not file a new claim for regular UC until May 10, 2020. Claimant Br. at 10. He maintains that "[for] the first six weeks in

_____

[3] Claimant filed three separate appeals with the Board, docketed at 2022004699-BR, 2022004698-BR, and 2022004700-BR. *See* Claimant Br. at 7; Bd. Br. at 4-5 & n.1. As discussed *infra*, the present Petition for Review arises from Board docket number 2022004699-BR. *See* Pet. for Rev. at 1.

[4] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

question[, he] could not be eligible for UC since [he] could not file a new UC [c]laim until [his] previous claim from May of 2019 ended." *Id.* at 14. According to Claimant, because he did not receive regular UC for claim weeks ending April 4, 2020, through May 9, 2020, he should have been deemed eligible for PUA for those six weeks and, therefore, was not overpaid for those weeks.

Although Claimant purports to contest only the *amount* of his PUA overpayment, *see* Claimant Br. at 17, Claimant is actually challenging the underlying determination that he was ineligible for PUA benefits for the claim weeks at issue. However, Claimant's Petition for Review arises from Board docket number 2022004699-BR, which affirmed the $5,125.00 non-fraud PUA overpayment. *See* Pet. for Rev. at 1. This appeal does *not* arise from Board docket number 2022004698-BR (affirming Claimant's ineligibility for PUA benefits). *See* Bd. Br. at 5 n.1; *see also* R. Item No. 11 (stating that the Board received Claimant's "appeal on this [PUA] claim *from the [R]eferee decision under docket number 2021024200-AT*," affirming the Department's finding of a non-fraud overpayment of $5,125 in PUA benefits) (emphasis added). The Department's Notice of Determination finding Claimant ineligible for PUA did *not* address overpayment; Claimant's non-fraud PUA overpayment was the subject of a separate Department determination. *See supra*, note 2; R. Item No. 3. Therefore, we conclude that Claimant's ineligibility for PUA benefits for claim weeks ending April 4, 2020, through May 9, 2020, is not properly before this Court. *See Jones v. Unemployment Comp. Bd. of Rev.*, 344 A.2d 287, 288 (Pa. Cmwlth. 1975) ("[B]ecause there was a right of appeal from the [Department's] determination of ineligibility[,] such a determination could

not be attacked collaterally in a later proceeding to determine whether or not the overpayments were due to the fault of the recipient.").[5]

Next, Claimant asserts that he "partially repaid overpayments in the amount of $1792[] for his mistake for four weeks from May 10, 2020 through June 6, 2020" and that his "partial repayment of $1792[] . . . was never recognized by either party and never subtracted from the total [he] owed." *Id.* at 9, 13. Thus, Claimant "ask[s] the [C]ourt to reduce any final judgment of what [he] owe[s] by that amount." *Id.* at 17.[6] Claimant also asserts that his "filing for a waiver [of repayment] was ignored" and he "never heard anything on the status of [his] application for waiver." *Id.* at 15.

However, the only issues before the Board in the present appeal were whether Claimant received an overpayment of PUA benefits and whether the PUA overpayment was fraudulent. Any questions regarding what payments Claimant subsequently made to the Department to satisfy his overpayment obligation or whether he was entitled to a waiver of repayment were not before the Board. *See generally* Section 804 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874 (outlining the Department's procedures for collecting overpayments); *see also Gnipp v.*

---

[5] Although Claimant correctly filed separate appeals challenging the Department's eligibility and overpayment determinations with both the Referee and the Board, his present Petition for Review challenges only the Board's decision in docket number 2022004699-BR regarding the non-fraud PUA overpayment.

[6] Claimant attached to his appellate brief several documents in support of his repayment claim. It is well settled, however, this Court may not consider extra-record evidence that is not part of the certified record on appeal. *See Umedman v. Unemployment Comp. Bd. of Rev.*, 52 A.3d 558, 564 (Pa. Cmwlth. 2012); *see also B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012) ("For purposes of appellate review, that which is not part of the certified record does not exist."). Therefore, we do not consider the extra-record evidence attached to Claimant's brief in our review of this matter.

*Unemployment Comp. Bd. of Rev.*, 82 A.3d 522, 525 (Pa. Cmwlth. 2013) (recognizing that "eligibility for a waiver [of an overpayment] is a determination that *must be made in a separate proceeding*") (emphasis added). Therefore, those issues are beyond the scope of this appeal. *See generally* Pa.R.A.P. 1551(a); Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a).[7]

### Conclusion

Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

---

[7] Before this Court, Claimant also asserts that the Referee "rushed" Claimant through his testimony during the hearing and "didn't consider any evidence" Claimant submitted. Claimant Br. at 12. However, Claimant failed to challenge the conduct of the Referee's hearing in his appeal to the Board. *See* R. Item No. 10. Therefore, he has waived this claim. *See Reading Nursing Ctr. v. Unemployment Comp. Bd. of Rev.*, 663 A.2d 270, 275 (Pa. Cmwlth. 1995) (finding an issue waived on appeal where the employer failed to adequately raise and develop it before the Board).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey L. Mull,                          :
               Petitioner      :
                             :
     v.                             :  No. 1518 C.D. 2022
                             :
Unemployment Compensation      :
Board of Review,               :
               Respondent      :

## **O R D E R**

AND NOW, this 21st day of December, 2023, the Order of the Unemployment Compensation Board of Review, dated October 31, 2022, is hereby AFFIRMED.

_____

ELLEN CEISLER, Judge