IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri Powell,                           :
             Petitioner              :
                                     :
    v.                                 :   No. 378 C.D. 2023
                                     :
Unemployment Compensation               :
Board of Review,                        :
             Respondent             :   Submitted:  May 7, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                        FILED:  June 3, 2024

Terri Powell (Claimant) petitions for review, *pro se*, of the February 1, 2023 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of the Referee assessing a non-fraud overpayment of $2,646 in Pandemic Unemployment Assistance (PUA) benefits under Section 2102(h) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. § 9021(h).  We affirm.

## **Background**

Claimant filed a claim for PUA benefits under the CARES Act with the Department of Labor and Industry (Department) effective March 8, 2020.  Bd.'s Finding of Fact (F.F.) No. 1.  On May 7, 2020, the Department issued a "Monetary Determination Pandemic UI Assistance," finding that Claimant was financially eligible for PUA benefits at a weekly benefit rate of $342.  Record (R.) Item No. 3.

Five months later, on October 7, 2020, the Department issued a "Monetary Redetermination Pandemic UI Assistance" (Redetermination Notice), finding that Claimant was financially eligible for PUA benefits for the same claim weeks, but reducing her weekly benefit amount to $195. Bd.'s F.F. No. 2. The Redetermination Notice stated: "This redetermination is based on documentation you provided to the Department after your [i]nitial monetary determination." R. Item No. 9 (bold removed). Claimant did not file a timely appeal from the Redetermination Notice. Bd.'s F.F. No. 2.

On May 25, 2021, the Department issued a "Notice of Determination Non-Fraud PUA Overpayment" (Overpayment Notice), assessing a non-fraud overpayment of PUA benefits in the amount of $2,646 under Section 2102(h) of the CARES Act "because a monetary redetermination was made[,] which resulted in a revised weekly benefit amount." *Id.* No. 3; R. Item No. 2. Claimant received an excess of $2,646 in PUA benefits for claim weeks ending April 4, 2020 through August 1, 2020. Bd.'s F.F. No. 4.

On June 7, 2021, Claimant appealed from the Overpayment Notice to the Referee, who held a telephone hearing on January 22, 2022. The issues before the Referee were: (1) whether Claimant received PUA benefits to which she was not entitled; and (2) whether Claimant committed fraud in order to receive the PUA benefits at issue. Ref.'s Order, 1/24/22, at 2.[1] Following the hearing, the Referee concluded:

---

[1] At the January 22, 2022 hearing, the Referee received testimony on both Claimant's appeal from the Redetermination Notice and her appeal from the Overpayment Notice. *See* Notes of Testimony, 1/22/22, at 1-3. However, the Referee issued two separate orders on the appeals, as did the Board. The present Petition for Review involves only the Board's ruling on the Overpayment Notice, docketed at Board appeal number 2022001247-BR. *See* Pet. for Rev. at 1; R. Item No. 11.

> [S]ince . . . Claimant's weekly benefit amount . . . was reduced to reflect net self[-]employment income or due to no record of net self-employment income, . . . *Claimant is ineligible for the excess PUA benefits under . . . Section 2102 of the CARES Act . . . .*
>
> . . . .
>
> Since . . . Claimant is ineligible for the PUA benefits that were received, an[] overpayment must be established. The [R]eferee is unable to conclude that [C]laimant engaged in fraud in order to receive the benefits. Therefore, *a non-fraud overpayment is established under the provisions of Section 2102*[]*(h) of the CARES Act . . . .*

*Id.* at 3. Therefore, the Referee affirmed the Overpayment Notice, finding Claimant ineligible for the excess PUA benefits and assessing a non-fraud overpayment of $2,646. *Id.* at 4.

Claimant then appealed to the Board, which adopted and incorporated the Referee's findings of fact and conclusions of law. The Board further concluded:

> Because [the Redetermination Notice] reduced [C]laimant's weekly benefit amount, *she has a non-fraud overpayment of $2*[*,*]*646 of* [*PUA*] for the claim weeks ending April 4[, 2020] to August 1, 2020. On appeal, [C]laimant argues that the redetermination is incorrect, but *these arguments cannot be addressed because the* [*R*]*edetermination* [*Notice*] *is not part of this appeal.* [C]laimant also argues that she did not submit any information "likely to have confused the system," but that is not in dispute. **[C]laimant was assessed a non-fraud overpayment.**
>
> *Under Section 2102(h) of the CARES Act, a non-fraud overpayment of PUA must be repaid, unless a waiver is requested and granted.* [C]laimant may wish to contact the UC Service Center and request a waiver of the overpayment.

Bd.'s Order, 2/1/23, at 1 (bold in original; italics added).[2]  Therefore, the Board affirmed the Referee's decision assessing a non-fraud PUA overpayment of $2,646.

Claimant now petitions this Court for review.[3]

## Analysis

On appeal, Claimant asserts that she should not be required to pay back the excess PUA benefits that resulted in the overpayment because both the Board and the Referee found that she did not commit fraud.  Claimant's Br. at 5, 33-34. However, even though the Board classified the overpayment as non-fraud, the CARES Act mandates that a non-fraud overpayment of PUA benefits *must* be repaid, unless a waiver is requested and granted.  *See* 15 U.S.C. § 9021(d)(4); *see also* 20 C.F.R. § 625.14(a) ("[I]f the State agency . . .  finds that an individual has received a payment of [PUA] to which [he or she] was not entitled under the [CARES] Act and this part, *whether or not the payment was due to the individual's fault or misrepresentation, the individual shall be liable to repay to the applicable State the total sum of the payment to which the individual was not entitled . . . .*") (emphasis added).

Claimant also asserts that the Overpayment Notice was erroneous because it referred to her receipt of *federal* PUA benefits rather than *state* PUA benefits.  It

[2] Section 2102(d)(4) of the CARES Act provides that individuals who have received PUA to which they were not entitled are required to repay the amount of PUA, unless the state waives the repayment upon a determination that the PUA payment was not the fault of the individual and repayment would be "contrary to equity and good conscience."  15 U.S.C. § 9021(d)(4).  The issue of repayment is resolved in a separate hearing, initiated by a claimant's request for a waiver of repayment.  *See Gnipp v. Unemployment Comp. Bd. of Rev.*, 82 A.3d 522, 525 (Pa. Cmwlth. 2013) (recognizing that "eligibility for a waiver [of an overpayment] is a determination that must be made in a separate proceeding").

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

appears that Claimant simply misconstrues the nature of PUA benefits. While PUA benefits are paid by the Commonwealth via the Department, PUA benefits are governed exclusively by the CARES Act, which is a federal statute, and its attendant federal regulations.[4]

Finally, throughout her appellate brief, Claimant attempts to challenge the Department's Redetermination Notice, which reduced her weekly benefit amount from $342 to $195 for the claim weeks at issue, ultimately resulting in the $2,646 overpayment that is the subject of this appeal. *See* Claimant's Br. at 5, 18, 29, 33-34. However, any issues regarding the Redetermination Notice are not properly before this Court. Claimant filed a separate appeal from the Redetermination Notice, which the Board ultimately dismissed as untimely under Section 501(e) of the Unemployment Compensation Law (Law), Act of Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e). *See* Bd.'s F.F. No. 2 (finding that Claimant did not timely appeal from the Redetermination Notice); Bd.'s Br. at 9 (stating that Claimant failed to petition for review of "the Board's Order [at Board docket number] 2022001248-BR[,] which dismissed her appeal of the [R]edetermination [Notice] as untimely under Section 501(e) of the Law").

---

[4] Section 2102(b) of the CARES Act provides that PUA may be provided to any "covered individual" while he or she is unemployed or unable to work due to COVID-19, during the weeks in which the individual is not entitled to any other unemployment compensation. 15 U.S.C. § 9021(b). Section 2102(a)(3)(A)(i) of the CARES Act defines "covered individual" as one who "is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation, including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law"). 15 U.S.C. § 9021(a)(3)(A)(i) (emphasis added); *see Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1060 (Pa. Cmwlth. 2023) (recognizing that the federal "PUA program was created to provide temporary income assistance to individuals who are unemployed due to specified COVID-19 pandemic-related reasons, and who are not eligible for regular state or federal [unemployment compensation] benefits").

The only decision at issue here is the Board's February 1, 2023 Order regarding the Overpayment Notice, wherein the Board concluded that Claimant received an overpayment of PUA benefits and that the overpayment was non-fraudulent. Consequently, any issues regarding whether Claimant timely appealed from the Redetermination Notice or whether she was eligible for a higher weekly benefit amount were not before the Board in this matter, *see* Bd.'s Order, 2/1/23, at 1, and, therefore, are beyond the scope of this appeal. *See generally* Pa.R.A.P. 1551(a); Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a).

## Conclusion

Accordingly, we affirm the Board's Order.

_____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Terri Powell,                                          :
                    Petitioner              :
                                                       :
        v.                                          :   No. 378 C.D. 2023
                                                       :
Unemployment Compensation                :
Board of Review,                              :
                    Respondent           :

# **O R D E R**

AND NOW, this 3rd day of June, 2024, the Order of the Unemployment Compensation Board of Review, dated February 1, 2023, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge