**Tiffani A. ROUSE, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 6, 2012.

Decided March 15, 2012.

Tiffani A. Rouse, pro se.

Paul R. Jordan, Assistant Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY Judge LEAVITT.

Tiffani A. Rouse (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) assessing a non-fraud overpayment of Emergency Unemployment Compensation (EUC) and Federal Additional Compensation (FAC) benefits. Claimant seeks to be relieved of any obligation to repay the overpayment. Because the issue of repayment was not before the Board or decided by it, we affirm.

The facts of this case, as found by the Board, are undisputed. Claimant filed an application for regular Pennsylvania unemployment compensation benefits effective March 29, 2009. Claimant received and exhausted those benefits. She then received Pennsylvania EUC benefits under the Emergency Unemployment Compensation Act of 2008 [1] and FAC benefits under the American Recovery and Reinvestment Act of 2009 [2] on the same application from October 2009 until March 27, 2010. At the end of the benefit year, Pennsylvania's UC

---

1. Title IV of the Supplemental Appropriations Act of 2008, P.L. 110–252, 122 Stat. 2323, Section 4001, 26 U.S.C. § 3304 note.

2. Section 2002(f) of Division B, Title II (Assistance for Unemployed Workers and Struggling Families Act) of the American Recovery and Reinvestment Act of 2009, P.L. No. 111–5, 123 Stat. 115 (2009).

authorities, discovering that Claimant had received wages in Delaware, advised her to file a regular unemployment compensation claim there. Claimant did so and received regular unemployment compensation benefits from Delaware from October 2009 to March 2010. The Delaware benefits were duplicative of those she had received in Pennsylvania. Accordingly, for the period of October 2009 to March 2010, Claimant was overpaid Pennsylvania EUC benefits in the amount of $14,075 and overpaid FAC benefits in the amount of $625.

In June 2010, the Harrisburg UC Service Center issued four separate determinations. The first held Claimant ineligible for Pennsylvania EUC benefits by reason of her UC claim in Delaware. The second and third held that Claimant had been fraudulently overpaid $14,075 in EUC benefits and $625 in FAC benefits. The fourth assessed 27 penalty weeks.

Claimant appealed, and the matter was assigned to a Referee. Following a hearing at which Claimant appeared and testified, the Referee issued a decision affirming the determination that Claimant was overpaid both EUC and FAC benefits. However, the Referee held that the overpayment was not the result of fraud and reversed the assessment of penalty weeks.

Claimant appealed to the Board arguing that she should not have to repay the EUC and FAC benefits because the overpayment was not her fault. Adopting the Referee's findings and conclusions, the Board affirmed the Referee's decision. The Board further held that the issue of whether she could have the repayment

waived was not before it and explained that Claimant would have to request a waiver from the Department of Labor and Industry. Claimant now petitions for this Court's review.[3]

Claimant raises one issue for our consideration. Claimant does not challenge any of the Board's findings of fact or conclusions of law. To the contrary, she acknowledges that an overpayment of EUC and FAC benefits occurred. Claimant argues only that she should not have to pay back the EUC and FAC benefits because the overpayment was the Department's fault, not hers.

Section 4005(b) of the Emergency Unemployment Compensation Act of 2008 governs repayment of benefit overpayments. It provides as follows:

> **(b) Repayment.**—In the case of individuals who have received amounts of emergency unemployment compensation under this title to which they were not entitled, the State shall require such individuals to repay the amounts of such emergency unemployment compensation to the State agency, except that *the State agency may waive such repayment* if it determines that—
>
> (1) the payment of such emergency unemployment compensation was without fault on the part of any such individual; and
>
> (2) such repayment would be contrary to equity and good conscience.

26 U.S.C. § 3304 note (emphasis added).[4] In finding an overpayment of benefits, the

---

3. Our scope of review is limited to determining whether constitutional rights have been violated, errors of law were committed, or whether findings of fact are supported by substantial evidence. *Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884, 885 n. 3 (Pa.Cmwlth.1998).

4. Section 2002(f) of the American Recovery and Reinvestment Act of 2009 states that Section 4005 of the Emergency Unemployment Compensation Act of 2008 shall apply to FAC "to the same extent and in the same manner as in the case of emergency unemployment compensation." 26 U.S.C. § 3304 note.

UC Service Center informed Claimant, in relevant part, that

> an overpayment must be repaid unless a waiver of the repayment is requested and granted.... *You are encouraged to request a waiver of the overpayment* by completing the attached Form UC–1656(EUC), Request for Waiver of Repayment of EUC Overpayment.... There is no deadline for requesting a waiver, but it will be to your advantage to request a waiver as soon as possible. If a waiver is denied, you may appeal....

Certified Record Item No. 3 (emphasis in original).

At the hearing, Claimant told the Referee that she did not believe she should have to pay back the EUC and FAC benefits. The Referee replied, "[w]ell, if it is determined as a result of the Referee's Decision that this is a non-fraud overpayment then at that time you may request a waiver of that overpayment." Certified Record Item No. 7, Referee's hearing, July 28, 2010, at 10. Likewise, the Board informed Claimant the issue of waiver of repayment was not before it.

On appeal, Claimant continues to raise waiver of repayment as her sole issue. As the Referee and the Board correctly pointed out to Claimant, that issue has yet to be decided. The litigation concerned only whether Claimant had received an overpayment of benefits and whether any overpayment was the result of fraud. That litigation determined that Claimant received a non-fraud overpayment, and Claimant does not challenge that conclusion. As the UC Service Center's instructions explained, a request for a waiver of repayment must be decided in a *separate proceeding*. The request must first be made to the Department by submitting the appropriate form and an appeal can then be taken if a waiver is denied.

The issue raised by Claimant, *i.e.*, waiver of repayment of the overpayment of EUC and FAC benefits, could not be decided by the Board in the instant proceeding. Accordingly, the order of the Board will be affirmed.

### ORDER

AND NOW, this 15th day of March, 2012, the order of the Unemployment Compensation Board of Review dated September 23, 2010, in the above captioned matter is hereby AFFIRMED.