IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lynn Sanzone,                           :
                          Petitioner    :
                                        :
              v.                        : No.  186 C.D. 2023
                                        : Submitted:  February 6, 2024
Unemployment Compensation               :
Board of Review,                        :
                          Respondent  :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  May 24, 2024


        Lynn Sanzone (Claimant), *pro se*, petitions for review of the December 28, 2022 order of the Unemployment Compensation (UC) Board of Review (Board) affirming the decision of a UC Referee (Referee) which found Claimant liable for non-fraud overpayments of Pandemic Unemployment Assistance (PUA) and Federal Pandemic Unemployment Compensation (FPUC) benefits.  Upon review, we affirm.

## I.    Background

        Claimant does not dispute the essential facts in this matter, which the Referee found, and the Board adopted, as follows:

1. [C]laimant filed an initial claim for [PUA] with the Pennsylvania Department of Labor & Industry [(Department)], which established a PUA claim effective March 29, 2020 with a benefit year ending date of September 4, 2021 and with a weekly benefit rate of $572.00.

2. Prior to filing her initial Pennsylvania PUA claim effective March 29, 2020, [C]laimant resided in the state of Pennsylvania where she worked as a sole proprietor doing market research for clients located in Illinois and California from her home office in Pennsylvania until December 2019.

3. In December 2019, [C]laimant relocated from Pennsylvania to Massachusetts.

. . . .

5. [C]laimant filed PUA claims for the claim weeks ending April 4, 2020 through July 11, 2020 on [C]laimant's Pennsylvania PUA claim effective March 29, 2020 and PUA benefits were paid to [C]laimant in the total amount of $8,580.00 for those weeks.

6. [FPUC] supplemental benefits in the weekly amount of $600.00 for the claim weeks ending April 4, 2020 through July 11, 2020 in the total amount of $9,000.00 were also paid to [C]laimant on the Pennsylvania PUA claim effective March 29, 2020.

7. Around the summer of 2020, [C]laimant received information from the [Department] that she should have filed a claim for PUA benefits in the state of Massachusetts where she resided.

8. [C]laimant then filed a claim for regular [UC] benefits in the state of Massachusetts and was denied regular [UC] benefits on the Massachusetts claim.

9. [C]laimant then applied for PUA benefits with the state of Massachusetts and she requested that her Massachusetts PUA claim start effective July 12, 2020, the period after she had received PUA benefits in the state of Pennsylvania.

10. [C]laimant was approved for PUA benefits on her Massachusetts PUA claim beginning July 12, 2020 with a benefit year ending date of July 10, 2021.

Certified Record (C.R.) at 91.

On September 17, 2021, the Department mailed Claimant a Pandemic Unemployment Disqualification Determination (Determination), denying Claimant's PUA claim effective March 29, 2020, with a benefit year ending date of September 4, 2021. *See id.* at 9. Claimant appealed the Determination, asserting the PUA office in the state of Massachusetts instructed her she would need to file for PUA benefits in Pennsylvania because she earned income in Pennsylvania in 2019. *Id.* at 20-23. Claimant further asserted the PUA office in Pennsylvania confirmed she should file and receive PUA benefits from Pennsylvania. *Id.* at 21. Under these circumstances, Claimant argued it would be unfair for her to have to repay Pennsylvania for the benefits she received. *Id.*

The Referee held a hearing on Claimant's appeal. *See* C.R. at 46-64. After the hearing, the Referee issued a decision, which included the uncontested findings of fact set forth above. *Id.* at 67-68. Additionally, the Referee determined Claimant was ineligible for PUA and FPUC benefits for her claim effective March 29, 2020, for the period from March 29, 2020, through September 4, 2021, in Pennsylvania because Claimant was eligible for benefits in the state of Massachusetts. *Id.* at 68-69. The Referee also determined Claimant received overpayments of $8,580.00 in PUA benefits and $9,000.00 in FPUC benefits (the Overpayments). *Id.* at 69. Because there was no evidence the Overpayments were due to fraud, the Referee determined the Overpayments "shall be recouped as [] non-fraud overpayment[s]." *Id.*

In addition, the Referee explained:

[A]s the Referee has no jurisdiction for this appeal to consider whether [C]laimant is requesting and entitled to a waiver of the overpaid non-fraud PUA benefits and/or the non-fraud FPUC benefits, **[C]laimant is instructed to request a waiver [from] the**

3

> **[Department UC] Service Center, should she wish to request a waiver.**

C.R. at 70 (emphasis added).

Claimant appealed the Referee's decision to the Board. *Id.* at 78-82. Before the Board, Claimant asserted, again, that she applied for PUA benefits in Pennsylvania on the advice of someone at the Massachusetts PUA office. *Id.* at 82. Claimant then explained: "I am confused as to why I am considered INELIGIBLE for Pennsylvania PUA benefits from March thr[ough] September 2020. Especially since I was considered ELIGIBLE in the state of Massachusetts . . . ." *Id.* (emphasis in original).

The Board reviewed the Referee's record and determined the Referee's decision was proper. C.R. at 90. As a result, the Board issued a written decision adopting and incorporating the Referee's decision in its entirety. *Id.* at 89-90. Claimant timely appealed the Board's decision to this Court.

In this appeal, Claimant maintains she applied for benefits in Pennsylvania because the PUA office in Massachusetts instructed her to do so. *See* Petitioner's Br. at 8. Claimant does not contest that she has resided in Massachusetts since December 2019. *Id.* Nevertheless, Claimant argues she should have been found eligible for benefits in Pennsylvania, and "should not have to be required to repay these benefits to Pennsylvania and the federal government." *Id.* at 9. Claimant further argues "[i]t is not about my lack of eligibility. It was a miscommunication and misrepresentation of an Act that was put into place by the government to help workers and parents like myself adapt to a pandemic and financial crisis we were all facing." *Id.*

4

In response to this Court's rule to show cause order dated January 22, 2024, the Board acknowledged that pursuant to Section 2104(f)[1] of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act),[2] which only permits the Department to recoup overpayments of FPUC for three years after the Department paid those benefits, the Department "is no longer capable of recouping any of the FPUC overpayment funds from [Claimant]." Respondent's Response, 2/9/24, at 2-3. The Board asserts the Department is still capable, however, of "recouping the PUA overpayment funds" from Claimant, because the three-year recoupment limitation for FPUC "does not apply to overpayments under the PUA program." *Id.* at 3-4. **The Board also noted that Claimant "may request waiver of both the PUA and FPUC overpayments, but has yet to complete the forms."** *Id.* at 4 (emphasis added).

## II. Analysis

This Court reviews the Board's orders to determine whether: (a) substantial evidence supports the Board's findings of fact, (b) the Board violated a claimant's constitutional rights, (c) the Board violated agency practice and procedure, or (d) the Board committed an error of law. *See* 2 Pa.C.S. § 704. Generally, it is beyond our Court's scope of review to address questions, other than the validity of a statute, not raised before the Board. *See* 2 Pa.C.S. § 703(a).

The "applicable State" for PUA "shall be the State in which the individual's unemployment is the result of the COVID-19 public health emergency." *See* 20 C.F.R. § 625.12(a).[3] Claimant acknowledges she was living and working in

---

[1] 15 U.S.C. § 9023.

[2] 15 U.S.C. §§ 9001-9141.

[3] Section 2012(h) of the CARES Act, 15 U.S.C. § 9021(h), applies part 625 of title 20 of the Code of Federal Regulations to PUA.

Pennsylvania until she moved to Massachusetts in December 2019. The CARES Act was not passed until March 27, 2020. *See* Section 1101 of the CARES Act, 15 U.S.C. § 9001. As a result, Claimant's unemployment was a result of the COVID-19 public health emergency in Massachusetts, and the applicable state for Claimant to obtain PUA and FPUC was Massachusetts, not Pennsylvania. *See* 20 C.F.R. § 625.12(a). Accordingly, the Board did not err in concluding Claimant was ineligible for PUA and FPUC in Pennsylvania.

Claimant's remaining arguments in this appeal are, essentially, that she should not have to repay the Overpayments because they were not her fault. Section 2104(f)(2) of the CARES Act governs the repayment of PUA and FPUC benefit overpayments as follows:

> (2) Repayment
>
> In the case of individuals who have received amounts of [UC] to which they were not entitled, the State shall require such individuals to repay the amounts of such [UC] to the State agency, except that the State agency may waive such repayment if it determines that--
>
> (A) the payment of such [UC] was without fault on the part of any such individual; and
>
> (B) such repayment would be contrary to equity and good conscience.

15 U.S.C. § 9032(f)(2).

The Referee made determinations regarding whether Claimant was overpaid benefits and whether those overpayments were the result of fraud. The Referee explained in her written decision, however, that she lacked jurisdiction to determine whether Claimant was entitled to a waiver of repayment because the Claimant did not submit a request for a waiver of repayment. C.R. at 70. The Board, in adopting the Referee's entire decision, provided Claimant with this information a second

6

time.[4]  *Id.* at 93.  In this appeal, the Board, again, advised Claimant of her ability to request a waiver of repayment.  *See* Respondent's Response, 2/9/24, at 4.

In *Rouse v. Unemployment Compensation Board of Review*, 41 A.3d 211 (Pa. Cmwlth. 2012), this Court addressed the Board's authority to consider a request for waiver of repayment of non-fault UC overpayments.  There, the claimant received UC benefits in another state while also receiving UC benefits in Pennsylvania.  *Id.* at 212.  The Referee ultimately determined the claimant received non-fraud overpayments in Pennsylvania.  *Id.*  The Referee also informed the claimant that she would have to request a waiver of overpayment from the Department.  *Id.* at 213. The claimant appealed the Referee's decision, arguing "she should not have to repay the . . . benefits because the overpayment[s were] not her fault."  *Id*. at 212.  The Board affirmed, holding "the issue of whether [the claimant] could have the repayment waived was not before it" because the claimant had not submitted a written request for a waiver from the Department.  *Id.*

---

[4]  Although the Board adopted the Referee's determination that it did not have "jurisdiction" to consider whether Claimant is entitled to a waiver of the overpayments, the Board and the Referee misused the term "jurisdiction."  As our Supreme Court has explained:

> Jurisdiction and power are not interchangeable although judges and lawyers often confuse them. Jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result.

*Riedel v. Hum. Rels. Comm'n of City of Reading*, 739 A.2d 121, 124 (Pa. 1999) (*quoting Delaware River Port Auth. v. Pa. Pub. Utility Comm'n*, 182 A.2d 682, 686 (Pa. 1962)).  The Board acknowledges it has the competency, or jurisdiction, to rule on waiver of repayment requests when claimants submit their requests in writing.  Accordingly, we will evaluate whether the Board had the power, or authority, to consider Claimant's entitlement to a waiver of the overpayments.

The claimant appealed to this Court, "argu[ing] only that she should not have to pay back the . . . benefits because the overpayment was the Department's fault, not hers." *Rouse*, 41 A.3d at 212. In *Rouse*, we outlined the Department's two-step procedure for recoupment of UC overpayments. The first step of this procedure occurs when the Department conducts a hearing to determine "whether [the c]laimant had received an overpayment of benefits and whether any overpayment was the result of fraud." *Id.* **After the Department determines a claimant received a non-fraud overpayment, the second step is for the claimant to request a waiver of the overpayment by "submitting the appropriate form" to the Department.** *Id.* (emphasis added). The Department then holds a second hearing to determine if it should waive the claimant's repayment obligations because "repayment would be contrary to equity and good conscience." *See id.*; 15 U.S.C. § 9032(f)(2)(B). In *Rouse*, we affirmed the Board's assessment of non-fraud overpayments and agreed that the Board did not have authority to decide the issue of waiver of repayment of the overpayments because the claimant failed to submit a written request for a waiver of repayment.[5] *Id.* at 213.

Like in *Rouse*, Claimant did not submit a written request for waiver of repayment of the Overpayments. Therefore, like in *Rouse*, the issue before the Referee and the Board was whether Claimant received overpayments of PUA and

---

[5] Where a claimant submits a written request for waiver of repayment with the Department "in conjunction with" her substantive appeal, this Court has permitted the Department to conflate this two-step procedure and address both issues at the same hearing. *Deklinski v. Unemployment Comp. Bd. of Rev.*, 37 A.3d 1262, 1263 (Pa. Cmwlth. 2012); *see also e.g.*, *Butorac v. Unemployment Comp. Bd. of Rev*. (Pa. Cmwlth., No. 650 C.D. 2021, filed November 20, 2023) (addressing both issues at once where the claimant appealed the Department's determination she received non-fraud overpayments and also requested a waiver of her obligation to repay those overpayments by submitting "the requisite 'Overpayment Waiver Questionnaire' (Form UC-1656) and financial statement."); 210 Pa. Code § 69.414(a) (we may cite an unreported panel decision "for its persuasive value, but not as binding precedent").

FPUC benefits and whether those overpayments were fraudulent. The issue before the Referee, and in turn the Board, was *not* whether the Overpayments could be waived.[6]

### III. Conclusion

For the reasons set forth above, we affirm the Board's December 28, 2022 order.

_____
STACY WALLACE, Judge

---

[6] As in *Rouse*, we note that if Claimant submits a written request for a waiver of repayment to the Department "by submitting the appropriate forms," the Department will issue a determination on Claimant's waiver request. *Rouse*, 41 A.3d at 213. If the Department denies Claimant's waiver request, she could appeal the denial. *Id.*

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lynn Sanzone,                :
             Petitioner    :
                        :
       v.                : No.  186 C.D. 2023
                        :
Unemployment Compensation    :
Board of Review,           :
            Respondent   :

# **O R D E R**

**AND NOW**, this 24th day of May 2024, the order of the Unemployment Compensation Board of Review dated December 28, 2022, is **AFFIRMED**.

 

                               _____
                               STACY WALLACE, Judge