IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steven Mowry, | : | CASES CONSOLIDATED |
| Petitioner | : | |
| | : | |
| v. | : | Nos. 1336 C.D. 2022 |
| | : | 1504 C.D. 2022 |
| Unemployment Compensation | : | 1505 C.D. 2022 |
| Board of Review, | : | 1506 C.D. 2022 |
| Respondent | : | Submitted: June 4, 2024 |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MATTHEW S. WOLF, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT             FILED:  July 19, 2024

        Steven Mowry (Claimant) petitions for review of four adjudications[1] of the Unemployment Compensation Board of Review (Board) holding Claimant liable for three non-fraud overpayments: $9,828 in Pandemic Unemployment Assistance (PUA) benefits; $5,400 in Federal Pandemic Unemployment Compensation (FPUC) benefits; and $1,800 in Federal Lost Wages Assistance (LWA) payments. On appeal, Claimant argues that the Board erred in affirming the decision of a Referee that Claimant was ineligible for PUA benefits because the Department of Labor and Industry's (Department) website impeded his submission of an application for regular unemployment compensation (UC) benefits. Claimant also argues that he

---

[1] Docket Nos. 1336 C.D. 2022 and 1504-1506 C.D. 2022 involve a consolidated hearing before a Referee. The question of Claimant's eligibility for Pandemic Unemployment Assistance benefits, Federal Pandemic Unemployment Compensation benefits, and Lost Wages Assistance benefits is the same given that eligibility for the federal benefits is dependent on Claimant's eligibility for state benefits. The overpayments flow directly from the eligibility determinations, and the appeals involve the same Unemployment Compensation Board of Review decision.

should have been given a waiver of his obligation to repay the overpayments. For the reasons to follow, we affirm the Board.

Claimant worked part time as a bus driver for Fullington Auto Bus Company (Employer) until March 20, 2020, when, due to the COVID-19 Pandemic, Employer was required to close its business temporarily.[2] Claimant applied for PUA benefits, which were granted.[3] Certified Record at 4-7, 15-16 (C.R. __).[4] Because Claimant received PUA benefits, he also qualified for and received both FPUC benefits[5] and LWA payments.[6]

Subsequently, on April 19, 2021, the UC Service Center determined that Claimant was ineligible for PUA and the related federal benefits. It explained that PUA benefits were available only to persons ineligible for regular UC benefits.

---

[2] On March 19, 2020, because of COVID-19, Governor Wolf issued an Executive Order temporarily closing all businesses deemed to be non-life-sustaining. *See Friends of Danny DeVito v. Wolf*, 227 A.3d 872, 878-79 (Pa. 2020).

[3] PUA "provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons[.]" Pennsylvania's Pandemic Unemployment Assistance Portal, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited July 18, 2024).

[4] This matter involves two different certified records. References to the certified record filed in No. 1336 C.D. 2022 will be denoted by the use of C.R. References to the certified record filed in Nos. 1504-1506 C.D. 2022 will be denoted by the use of C.R.(2). Because there is significant overlap between the two certified records, redundant citations to C.R.(2) have been omitted.

[5] FPUC provides an additional $600 weekly payment to individuals "who are collecting regular Unemployment Compensation . . . , as well as the following unemployment compensation programs: . . . Pandemic Unemployment Assistance (PUA)[.]" U.S. DEPARTMENT OF LABOR AND INDUSTRY, News Releases, https://www.dol.gov/newsroom/releases/eta/eta20200404 (last visited July 18, 2024).

[6] The Federal Emergency Management Agency (FEMA) provided grants to participating states to administer delivery of a lost wages supplement of $300 beginning the week of unemployment ending August 1, 2020, to qualified individuals. FEMA, Lost Wages Supplemental Payment Assistance Guidelines, https://www.fema.gov/disaster/historic/coronavirus/governments/supplemental-payments-lost-wages-guidelines (last visited July 18, 2024).

C.R. 19. Because Claimant was eligible for regular UC benefits, he did not qualify for PUA benefits, FPUC benefits, or LWA payments. Accordingly, he was not entitled to the $9,828 in PUA benefits, the $5,400 in FPUC benefits, and the $1,800 in LWA payments he had received. However, the UC Service Center determined that they were all non-fraud overpayments.

Claimant appealed the UC Service Center's determinations, and the matter proceeded to a telephonic hearing before a Referee on October 26, 2021. At the hearing, Claimant testified that in March 2020, Employer's business was shut down in response to the COVID-19 Pandemic. Thereafter, he received an email from Employer to "apply for [u]nemployment[.]" Hearing Transcript, 10/26/2021, at 11 (H.T. ___); C.R. 130. He went online to apply for regular UC benefits but was unable to access the "Unemployment site." *Id*. There, however, were other sites available, so he "clicked on the PUA site" and was able to apply for federal UC benefits.

Claimant testified that the first indication that he had applied for the wrong type of UC benefits was in late November 2020, when he stopped receiving benefits. H.T. 12; C.R. 131. He tried calling an 800 number to reach the UC Service Center but was unable to connect. In January 2021, Employer contacted the Service Center on Claimant's behalf and was informed that Claimant had applied for benefits on the wrong site.

After the hearing, the Referee made the following findings of fact:

(1) [C]laimant was temporarily separated from employment with [Employer] due to the COVID-19 [P]andemic.

(2) [E]mployer directed [C]laimant to apply for unemployment compensation.

(3) [C]laimant did not file for regular PA UC benefits but rather filed for Pandemic Unemployment Assistance (PUA).

3

(4)   PUA benefits are intended for individuals who are not eligible for regular PA UC benefits.

(5)   [C]laimant file[d] for and received Pandemic Unemployment Assistance (PUA) benefits in the amount of $9,828 for the claim weeks ending March 21, 2020 through and including April 18, 2020; and June 20, 2020 through and including July 25, 2020.

(6)   [C]laimant was issued corresponding Federal Pandemic Unemployment Compensation of $5,400 for the compensable weeks ending April 4, 2020 through and including April 18, 2020; and June 20, 2020 through and including July 25, 2020.

(7)   [C]laimant was issued Lost Wage[s] Assistance (LWA) of $1,800 for the compensable weeks ending August 1, 2020 through and including September 5, 2020.

(8)   [C]laimant was eligible for regular PA UC benefits for the above claim weeks.

Referee Decision, 11/3/2021, at 2; C.R. 139.

Based upon these findings, the Referee concluded that Claimant was eligible for regular UC benefits. As such, Claimant was held ineligible for PUA and FPUC benefits as well as LWA payments. Specifically, the Referee found Claimant ineligible for PUA benefits he received from March 15, 2020, through September 21, 2021, in the amount of $9,828; ineligible for FPUC benefits he received from April 4, 2020, through July 25, 2020, in the amount of $5,400; and ineligible for the LWA supplement he received in the amount of $1,800. Under federal law, Claimant was responsible for repaying these overpayments. The Referee's decision explained that "[i]f repayment of the PUA, FPUC, or LWA overpayments will cause" him a financial hardship, he "may wish to apply for waiver of the non-fraud overpayments." C.R. 143.

Claimant appealed the Referee's decision to the Board. Therein, Claimant argued that he attempted to apply for regular UC benefits, but the website

4

would not work. Since he was eligible for regular UC benefits, Claimant contended that "there should be a way that the UC office can switch him over to the regular UC, so that he does not have to pay back the benefits he received[.]" C.R. 156.

The Board affirmed the decision of the Referee, adopting the Referee's findings of fact and conclusions of law. Claimant then petitioned for this Court's review.

On appeal,[7] Claimant raises three issues, which we combine into two for clarity. First, he argues that the Board erred in determining he was ineligible for PUA benefits in light of the fact that he was unable to apply for UC benefits, given the website problems. Second, Claimant argues that the Board should have ordered waiver of repayment of the PUA, FPUC, and LWA overpayments or given him credit for what he would have received in the form of regular UC benefits.

By way of background, on March 27, 2020, Congress enacted the Coronavirus Aid, Relief and Economic Security (CARES) Act[8] to provide financial assistance to individuals affected by the COVID-19 Pandemic. The CARES Act created a new temporary federal program, PUA, to provide benefits to persons not eligible for regular UC benefits, such as those who are self-employed. *See* U.S. DEPARTMENT OF LABOR, Unemployment Insurance Program Letter No. 16-20 (April 5, 2020), available at: https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2020/UIPL_16-20.pdf (last visited July 18, 2024). Nevertheless, UC benefits are available to persons unable to work due to specified COVID-19 related reasons, such as the closure of the person's place of employment. "In the case of individuals

---

[7] This Court's review in a UC case determines whether constitutional rights were violated, errors of law were committed, or findings of essential fact are not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695, 697 (Pa. Cmwlth. 1994).

[8] 15 U.S.C. §§9001-9141.

who have received amounts of [PUA] to which they were not entitled, the State shall require such individual to repay the amounts of such [PUA] to the State agency, except that a state agency may waive such repayment" if the payment of PUA was without fault on the part of the individual and such repayment would be contrary to equity and good conscience. Section 2102(d)(4) of the CARES Act, 15 U.S.C. §9021(d)(4).

The CARES Act provides that where an individual is eligible for PUA benefits, that individual is also eligible for benefits under the FPUC program established to provide supplemental benefits to individuals receiving various forms of unemployment benefits. Section 2104 of the CARES Act, 15 U.S.C. §9023. "In the case of individuals who have received amounts of [FPUC] . . . to which they were not entitled, the State shall require such individuals to repay the amounts of such [FPUC] . . . to the State agency[.]" Section 2104(f)(2) of the CARES Act, 15 U.S.C. §9023(f)(2).

Under the Stafford Act, 42 U.S.C. §5174(e)(2),(f), FEMA is authorized to provide grants to the states to make supplemental lost wages payments to those receiving UC benefits. These grants can be used to make the supplemental LWA payments. As with PUA benefits, the State agency may "waive" repayment of FPUC and LWA overpayments if it determines that the payment of benefits was without fault, and "such repayment would be contrary to the equity and good conscience." 15 U.S.C. §9023(f).

With this background, we turn to Claimant's issues on appeal.

First, Claimant argues that the Board erred in determining that he was ineligible for PUA and related federal benefits because he was unable to apply for regular UC benefits. Claimant explains that he could not submit an online

6

application for regular UC benefits. The only option available online was PUA benefits. Claimant contends that the online system should have immediately rejected his application for PUA benefits if he was ineligible. Claimant argues that he should not be penalized for the UC website not working properly, especially since he was eligible for some UC benefits.

The Board responds that Claimant's testimony at the Referee hearing established his eligibility for regular UC benefits. Any alleged difficulty with the application for regular UC benefits does not obviate the standards for PUA eligibility under the CARES Act.

To be eligible for PUA benefits, a claimant must be a "covered individual" who is "unemployed, partially unemployed, or unable to work for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation . . . or waiting period credit." 15 U.S.C. §9021(b). A "covered individual," is someone who "is not eligible for regular compensation or extended benefits under State or Federal law . . ." and includes "an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law[.]" 15 U.S.C. §9021(a)(3)(A)(i).

Claimant does not dispute that he was eligible for regular UC benefits during the period of time he was receiving PUA and related benefits. Claimant argues that he should not be penalized for the UC online system not working properly. Claimant directs this Court to *Irvin v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1123 C.D. 2020, filed October 18, 2021) (unreported),[9] and *Kaba v. Berrier*, 275 A.3d 85, 88 (Pa. Cmwlth. 2022), as other

---

[9] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

7

instances where the online system did not function properly. In *Irvin*, when the claimant attempted to file a claim in the PUA system, it prompted him to file his claim in the regular UC system. The claimant was subsequently notified that he was not eligible for regular UC benefits and that he may want to apply for PUA. In *Kaba*, the claimant applied for and was approved for PUA benefits. Before receiving those benefits, the claimant was notified to apply for regular UC benefits. When he attempted to do so, the online system would not allow him to do so because he had a PUA benefits application pending.

*Irvin* and *Kaba* are inapposite. Whether or not the online system functions appropriately on a given day is not relevant to eligibility for either PUA or UC benefits. No online system is perfect. Regardless, the CARES Act does not authorize the Board or this Court to hold Claimant eligible for PUA benefits because of shortcomings in the online system.

In sum, because Claimant was eligible for regular UC benefits, he did not qualify for PUA, FPUC, or LWA benefits. Therefore, the Board did not err in concluding that Claimant had non-fraud overpayments of PUA, FPUC, and LWA benefits.

In his second issue, Claimant argues that he should have been granted a waiver of the obligation to return the PUA, FPUC, and LWA overpayments. He is 71 years old and was eligible for some form of UC benefits during the Pandemic. He only submitted the application for PUA benefits because he was unable to submit an online application for regular UC benefits.

The Board responds that Claimant has waived this issue because he raised this issue for the first time in his petition for review. In his appeal to the Board, Claimant argued only that the "UC office" should have switched him to

8

regular benefits.  C.R. 156.  The Board did not adjudicate Claimant's eligibility for, or request for, a waiver of his overpayment of benefits because he did not raise that issue.  Stated otherwise, Claimant's request for waiver, should he file one, has yet to be decided.

This Court has explained that there is a two-step process for addressing overpayments of PUA and related federal benefits.  "First, due process requires an evidentiary hearing to determine whether an overpayment was with or without fault." *Washington v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1513 C.D. 2022, filed November 3, 2023) (unreported), slip op. at 4.  Second, a claimant's request for a waiver of repayment involves an inquiry into whether repayment will be contrary to "equity and good conscience."  *Id*. at 5 (quoting *Rouse v. Unemployment Compensation Board of Review*, 41 A.3d 211 (Pa. Cmwlth. 2012)).

In *Rouse*, the referee affirmed the UC Service Center's determination that the claimant was liable for a non-fraud overpayment of UC benefits.  Before the Board, the claimant argued that she should not have to repay the benefits because the overpayment was not her fault.  The Board held that the issue of whether the claimant should be granted a waiver of the repayment was not before it.  The claimant must, first, request a waiver from the Department.

Our Court affirmed the Board's adjudication, explaining that the issue of waiver of repayment had not yet been decided.  The only issue adjudicated was whether the claimant had received an overpayment of benefits and whether that overpayment was with or without fault.  A waiver of repayment requires a separate request to the Department.  If denied, an appeal can then be taken.  *Washington*, slip

9

op. at 7 (issue of whether the obligation to repay PUA and FPUC overpayments must be determined in the first instance by the Department).

Here, as in *Rouse*, Claimant argues that he should not have to repay the PUA, FPUC, and LWA benefits he received. Whether Claimant should be granted a waiver of this obligation has not yet been adjudicated. The only issues before the Board concerned whether Claimant had received an overpayment of benefits and whether that overpayment was with or without fault. The Board determined that Claimant's overpayment was without fault on Claimant's part. A request for a waiver of repayment must be initiated by Claimant with the Department and decided in a separate proceeding. If the waiver is denied, then Claimant can appeal that decision.

Claimant's right to a waiver of the repayment of the PUA, FPUC, and LWA benefits was not before the Board. Because a record has not been made before a fact finder on waiver, the Court cannot consider this issue.

For the foregoing reasons, we affirm the Board's four adjudications.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Mowry, : CASES CONSOLIDATED
      Petitioner :
     :
    v. : Nos. 1336 C.D. 2022
     : 1504 C.D. 2022
Unemployment Compensation : 1505 C.D. 2022
Board of Review, : 1506 C.D. 2022
      Respondent :

# **O R D E R**

AND NOW, this 19th day of July, 2024, the four adjudications of the Unemployment Compensation Board of Review, each dated November 4, 2022, in the above-captioned matters, are AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita