IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Darl Friend, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1566 C.D. 2023 |
| | : | Argued: September 9, 2024 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  October 10, 2024

        Darl Friend (Claimant) petitions for review of the November 27, 2023
order of the Unemployment Compensation Board of Review (Board) affirming an
Unemployment Compensation Referee's (Referee) Determination finding that
Claimant was ineligible for Pandemic Unemployment Assistance (PUA) benefits
effective May 16, 2021, through September 4, 2021, pursuant to Section 2102(a)(3)
of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act),
15 U.S.C. §9021(a)(3);[1] denying Federal Pandemic Unemployment Compensation
(FPUC) benefits issued during the same period;[2] and assessing non-fraud

---

[1] PUA provides for up to 79 weeks of benefits to individuals who are eligible.  15 U.S.C.
§9021(c)(2).

[2] Under the CARES Act, FPUC benefits are additional benefits available for specified
weeks to any individual eligible for other forms of benefits, including regular unemployment
**(Footnote continued on next page…)**

overpayments of each in the respective amounts of $3,220 and $2,100. Upon review, we affirm.

## I. Background

In May 2021, Claimant filed an application for unemployment compensation benefits with the Department of Labor and Industry (Department). Claimant received PUA benefits at the weekly benefit rate of $460 between May 16, 2021, and September 4, 2021. Referee's Op., 2/14/23, Finding of Fact (F.F.) No. 1; *see* Certified Record (C.R.) at 6-7. Claimant received an additional $300 per week in FPUC benefits between January 2, 2021, and September 4, 2021. Referee's Op. at 3.

On February 16, 2022, the Department issued a Pandemic Unemployment Disqualifying Determination (Disqualification Determination) upon determining that Claimant did not qualify for PUA benefits under Section 2102(a)(3) of the CARES Act for the weeks he received benefits. C.R. at 27-36. The "disqualification [was] effective [May 16, 2021, to September 4, 2021]." *Id*. at 27. From this decision, Claimant timely appealed.

The Referee conducted a hearing, at which Claimant, represented by counsel, appeared and testified. The Referee considered whether Claimant met any of the eligibility requirements for PUA benefits under the CARES Act for the period in question, whether Claimant received PUA and FPUC benefits to which he was not entitled, and whether Claimant committed fraud in order to receive the benefits at issue. Referee's Op. at 2.

---

compensation benefits, extended benefits, or federal benefits, including PUA benefits. *See* Section 2104 of the CARES Act, 15 U.S.C. §9023.

Claimant testified that he tried to backdate his application with the Department to March 15, 2020, when he was self-employed. C.R. at 239. Claimant also requested phone records made to the PUA hotline to show his efforts to backdate his application, but they were not part of the certified record. *Id.* The Referee explained that the sole focus of the hearing was Claimant's ineligibility for claim weeks between May 16, 2021, and September 4, 2021, and that he did not have any information as to whether the Department approved or denied benefits for claims weeks preceding May 16, 2021. *Id.*

Relative to the period at issue, Claimant testified that he worked fulltime for Inspiritec, Inc. (Employer) from January 11, 2021, until the end of April 2022. C.R. at 239. Claimant testified that he took a leave of absence related to "health issues" at some time in 2021 for "a week, week and a half," but could not recall when. *Id.* at 240-41, 243.

Based upon the testimony and evidence presented, the Referee found that Claimant worked fulltime for Employer as a customer service representative from January 11, 2021, through April 2022, when he resigned for other employment. F.F. Nos. 2-3. Claimant intended to file for PUA benefits dating back to March 15, 2020, when he was unable to operate his business due to the COVID-19 Pandemic. F.F. No. 5. Claimant received a total of $3,220 in PUA benefits and $2,100 in FPUC benefits for the weeks at issue. F.F. Nos. 6-7.

The Referee concluded that Claimant was not eligible for PUA benefits under Section 2102(a)(3) of the CARES Act for the weeks effective May 16, 2021, through September 4, 2021, because he was employed fulltime. Because Claimant was ineligible for PUA benefits for the weeks at issue, the Referee also concluded

3

that Claimant was ineligible for FPUC benefits. The Referee found there was no evidence of fraud.

As for Claimant's request for PUA benefits beginning in March 2020, the Referee noted that he was only able to consider the specific weeks at issue in the appeal from the Disqualification Determination. Regarding Claimant's phone records request, the Referee explained that Claimant had the opportunity to subpoena documents that he believed were relevant to his claim but did not do so.

By order dated February 14, 2023, the Referee affirmed the Department's Disqualification Determination and assessed a non-fraud PUA overpayment in the amount of $3,220 and a non-fraud FPUC overpayment of $2,100.

On March 5, 2023, Claimant appealed the Referee's Determination to the Board. Claimant also requested a remand to establish his eligibility for benefits prior to May 16, 2021. The Board denied the remand request. The Board explained that Claimant had a full opportunity to present his case before the Referee and did so, with the assistance of counsel, and the issue of his eligibility between March 15, 2020, through May 15, 2021, was not properly before the Referee or the Board.

The Board adopted and incorporated the Referee's findings of fact and conclusions of law as its own. The Board concluded that Claimant was ineligible for benefits under the CARES Act because he worked fulltime during the period at issue. Thus, by decision dated November 27, 2023, the Board affirmed the Referee's Determination of ineligibility, denied benefits, and assessed a non-fraud PUA

4

overpayment of $3,220 and a non-fraud FPUC overpayment of $2,100.[3]  Claimant now petitions this Court for review.[4]

## II. Issues

On appeal, Claimant asserts that the Board erred or abused its discretion in determining that he was not eligible for PUA benefits and that he received PUA and FPUC benefits to which he was not entitled.  Claimant maintains that he intended to file for benefits beginning March 15, 2020, and that the Board denied him due process by not granting his remand request to establish eligibility for this earlier claim period.

## III. Discussion

In response to the COVID-19 Pandemic, the United States Congress passed the CARES Act which, *inter alia*, created the PUA program.  The PUA program provides benefits to claimants who are not eligible for regular unemployment compensation or extended benefits under State or Federal law. Section 2102(a)(3)(A)(i) of the CARES Act, 15 U.S.C. §9021(a)(3)(A)(i).   To qualify as a "covered individual" eligible for PUA benefits, a claimant must be "*unemployed, partially unemployed*, or unable or unavailable to work" because of a

---

[3] Because Claimant's overpayments were nonfraudulent, the Board advised Claimant to submit a waiver request based on his current financial circumstances and a completed overpayment waiver questionnaire to the Office of Unemployment Compensation Benefits.   Board Op., 11/27/23, at 1.

[4] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated.  2 Pa. C.S. §704; *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

COVID-19-related reason listed in the statute or "is self-employed, is seeking part-time employment, [or] does not have sufficient work history . . . ." 15 U.S.C. §9021(a)(3)(A)(ii)(I)-(II) (emphasis added).

Here, Claimant filed for and received PUA and FPUC benefits between May 16, 2021, through September 4, 2021. C.R. at 5-8, 13. The Department, in its Disqualification Determination, concluded that Claimant was ineligible for these benefits during this specific period. *Id*. at 27. At the Referee's hearing, Claimant confirmed that he worked fulltime for Employer from January 11, 2021, until the end of April 2022. *Id*. at 240. When asked whether "[a]t any point in time between January of 2021 and April of 2022, were you unemployed," Claimant responded "[n]o, I was not." *Id*. By his own admission, Claimant was employed fulltime for Employer from May 16, 2021, through September 4, 2021. Because Claimant was not unemployed, he failed to show that he was a "covered individual" as defined in Section 2102(a)(3)(A)(ii) of the CARES Act for the period in question. Consequently, he was not entitled to the benefits he received during this period.

Although Claimant attempted to request benefits for a different period beginning in March 2020 during the hearing, the Referee properly denied the request explaining that the only weeks at issue in the appeal from the Department's Disqualification Determination were May 16, 2021, through September 4, 2021. C.R. at 238-239, 244. Claimant's arguments regarding his eligibility for PUA benefits beginning in March 2020 were wholly irrelevant to his appeal and his eligibility for CARES Act benefits for the specific weeks at issue.

As for Claimant's due process claim, "[d]ue process requires notice and an opportunity to present evidence and legal argument." *Massie v. Unemployment Compensation Board of Review*, 255 A.3d 702, 708 (Pa. Cmwlth. 2021). Claimant

6

was afforded the opportunity to challenge the Department's Disqualification Determination and did so represented by counsel. At the Referee's hearing, Claimant testified and had the opportunity to present evidence in support of his appeal. Although Claimant requested "all phone records that were made by [] Claimant to the PUA hotline number" at the hearing, the records were not in the Referee's possession and Claimant did not subpoena for their production. Petitioner's Brief at 9; *see* 34 Pa. Code §101.31 (a party may submit an application to the Board or Referee for a subpoena to compel the production of records and documents at a hearing); *see also* C.R. at 56 (hearing notice providing express instructions on requesting subpoenas). Claimant's failure to subpoena these records does not constitute a violation of his due process rights. *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 309 A.3d 1092, 1102 (Pa. Cmwlth. 2024). The Board did not violate Claimant's due process rights by denying his remand request because Claimant had the opportunity at the Referee's hearing to present this evidence.

Even accepting that these documents would support Claimant's intention to file for benefits dating back to March 15, 2020, the only weeks at issue in the Department's Disqualification Determination were May 16, 2021, through September 4, 2021. The issue of whether Claimant was entitled to benefits before May 16, 2021, was not considered by the Department in the Disqualification Determination and, therefore, is not relevant to this appeal. *See Rouse v. Unemployment Compensation Board of Review*, 41 A.3d 211, 213 (Pa. Cmwlth. 2012) (the Board may not rule on issues not previously ruled on by the Department).

## IV. Conclusion

Upon review, we conclude that the Board properly determined that Claimant was ineligible for PUA and FPUC benefits for the period of May 16, 2021, through September 4, 2021, based on Claimant's employment status. Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darl Friend,                            :
                                        :
                    Petitioner          :
                                        :
        v.                              : No. 1566 C.D. 2023
                                        :
Unemployment Compensation               :
Board of Review,                        :
                                        :
                    Respondent          :

# **O R D E R**

AND NOW, this 10th day of October, 2024, the order of the Unemployment Compensation Board of Review, dated November 27, 2023, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge