IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adina Spilky, : 
               Petitioner : 
   : 
         v. : No. 364 C.D. 2024
   : Submitted: November 6, 2025
Unemployment Compensation : 
Board of Review, : 
            Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: December 17, 2025

Adina Spilky (Claimant) petitions for review of the March 8, 2024 Order of the Unemployment Compensation (UC) Board of Review (Board) affirming the Referee's Decision establishing that Claimant owes non-fraud overpayments in Pandemic Unemployment Assistance (PUA) and Federal Pandemic Unemployment Compensation (FPUC) under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. §§ 9001-9034.[1]  After careful review, we affirm the Board.

On August 2, 2022, the Pennsylvania Department of Labor and Industry, Office of UC Benefits (Department), issued various determinations, including, relevant here, a Notice of Determination of Non-Fraud PUA Overpayment

_____

[1] PUA benefits are provided under Section 2102 of the CARES Act, 15 U.S.C. § 9021.

(Determination ID # 11244300), finding Claimant received $3,705.00 in PUA benefits to which she was not entitled and establishing a non-fraud overpayment under Section 2104(f) of the CARES Act, 15 U.S.C. § 9023(f). (Certified Record (C.R.) at 70.) The Department separately issued a Pandemic Unemployment Disqualifying Determination, in which it found Claimant's unemployment was not the direct result of the COVID-19 pandemic, (*id.* at 49); another Notice of Determination Non-Fraud PUA Overpayment, which established a $975.00 non-fraud overpayment for PUA benefits to which Claimant was not entitled, (*id.* at 59); and a Notice of Determination Non-Fraud FPUC Overpayment, establishing a $6,600.00 non-fraud overpayment for FPUC benefits to which Claimant was not entitled, (*id.* at 82).

Claimant filed an administrative appeal seeking a hearing for **all determinations**. (*Id*. at 95-109.) On October 25, 2022, the Referee held a telephone hearing,[2] in which Claimant did not participate.[3] The Referee subsequently issued **multiple decisions**, including, relevant here, a decision at docket number **2022020265-AT**, which affirmed the Determination ID number 11244300, the $3,705.00 PUA non-fraud overpayment. (*Id.* at 138-48.) Claimant filed an appeal to the Board, claiming she never received notice of the hearing, (*id.* at 150-52), and the Board remanded the case and ordered the following:

> The purpose of this hearing is to receive testimony and evidence on [Claimant's] reason for her nonappearance at the previous hearing. The parties may also provide new or additional testimony and evidence on the merits. If the Board finds that [Claimant] did not have proper cause

---

[2] The transcript indicates this was a "combined hearing," which involved four other docket numbers besides 2022020265-AT, the docket at issue here. (C.R. at 133.)

[3] The Referee did attempt to contact Claimant at the phone number on record, but Claimant did not answer. (C.R. at 133.)

for her nonappearance at the previous hearing, the additional testimony and evidence on the merits may not be considered by the Board.

(Board Remand Order, C.R. at 160.)

On January 11, 2024, the Referee held a second hearing and Claimant again did not participate.[4] Instead, Claimant's mother participated in the hearing and presented testimony. (C.R. at 176-91.) On March 8, 2024, the Board issued its Order at docket number **2022010120-BR**, affirming the Referee's Decision at docket number **2022020265-AT**. (*Id.* at 193-94.) The Board adopted and incorporated the Referee's findings of fact and conclusions of law and further found that Claimant did not establish good cause for her failure to participate in the first hearing. (*Id.* at 193.) On April 3, 2024, Claimant, now represented by counsel, filed the Petition for Review (PFR) with this Court, wherein Claimant sought review of only the Board's Order docketed at **2022010120-BR**. (PFR, Ex. A).[5]

Claimant raises two issues on appeal, which we have summarized for ease of discussion: (1) whether the Board erred in affirming the Referee's Decision finding that the testimony presented by Claimant's mother at the second hearing was uncorroborated hearsay; and (2) whether the overpayments were due to no fault of Claimant and that repayment is contrary to equity and good conscience.[6] (Claimant's Brief (Br.) at 6-11.)

As for the hearsay issue, at the second hearing, relevant here, Claimant's mother testified that she and Claimant share an email account that is used for

---

[4] The transcript indicates this hearing involved four other Board docket numbers. (C.R. at 177.)

[5] Claimant attaches to the PFR both the Board's Order docketed at 2022010120-BR and the Referee's Decision docketed at 2022020265-AT.

[6] Our "review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence." *Stock v. Unemployment Comp. Bd. of Rev.*, 136 A.3d 1094, 1098 n.7 (Pa. Cmwlth. 2016) (citing Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704).

communications with the Department, and that a notice for the first hearing was not received by the shared email account. (C.R. at 183-84.) In the Board's Order, the Board found that (1) Claimant was not present at the second hearing, (2) Claimant's mother appeared and testified, but this was uncorroborated hearsay, and (3) Claimant did not establish good cause for her nonappearance at the first hearing so the Board could not consider any testimony or evidence presented at the second hearing. (Board Decision, C.R. at 193.) The Board, in its brief, now appears to concede that concluding some of the mother's testimony was hearsay was error as it could have been viewed as first-hand testimony. (Board's Br. at 13.) We agree it was error, but find this error ultimately was harmless.

As stated above, the PFR challenged the Board's Order at docket number **2022010120-BR**. The Board's Order lists that the appeal was from Referee docket number **2022020265-AT**. (C.R. at 193.) Referee docket number **2022020265-AT** lists Department Determination ID number **11244300**, which was the $3,705 Non-Fraud PUA Overpayment Determination. (*Id.* at 70, 138.) Thus, our review is limited to the $3,705 overpayment, not Claimant's eligibility, which is what Claimant's arguments otherwise address. Because Claimant did not file a PFR seeking review of the Board's other decisions, including any related to her eligibility for benefits, those decisions are final.[7]

---

[7] "Absent extenuating circumstances, an appeal must be filed within thirty (30) days after the Board's decision becomes final." *Unemployment Comp. Bd. of Rev. v. Buongiovanni*, 345 A.2d 783, 784 (Pa. Cmwlth. 1975) (citations omitted); *see also* Section 101.112(b) of the Administrative Code, 34 Pa. Code § 101.112(b) ("Within 30 days after the order or decision of the Board becomes final, the claimant, the Department, or any affected employer may take an appeal to [this] Court."). "The appeal provision of the [UC] Law is mandatory . . . . [and a c]laimant may not appeal after the prescribed time limitation, unless [they] can prove that [they were] deprived of [their] right of appeal by fraud or its equivalent, i.e.[,] wrongful or negligent conduct of the administrative authorities." *Buongiovanni*, 345 A.2d at 784-85 (internal quotation marks and citations omitted). This is to say that "[a] claimant's failure to bring a timely appeal before this Court results in the

4

Finally, Claimant argues that waiver of the overpayment is warranted under Section 2102(d)(4) of the CARES Act, 15 U.S.C. § 9021(d)(4), because repayment is contrary to equity and good conscience. (Claimant's Br. at 11.) Section 2102(d)(4) provides:

> (4) Waiver authority
>
> In the case of individuals who have received amounts of pandemic unemployment assistance to which they were not entitled, the State shall require such individuals to repay the amounts of such pandemic unemployment assistance to the State agency, except that **the State agency may waive such repayment if it determines that**--
>
> > (A) the payment of such pandemic unemployment assistance was without fault on the part of any such individual; and
> >
> > (B) **such repayment would be contrary to equity and good conscience**.

15 U.S.C. § 9021(d)(4) (emphasis added). "However, this Court has established that a request for waiver of repayment must be decided in a separate proceeding . . . [and a c]laimant may request waiver of repayment by submitting the appropriate form to the Department . . . . [and i]f the Department denies the waiver request, an appeal can be taken." *Cellini v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1575 C.D. 2023, filed June 27, 2025), slip op. at 6 n.14 (citing *Rouse v. Unemployment Comp. Bd. of Rev.*, 41 A.3d 211, 213 (Pa. Cmwlth. 2012)).[8]

---

Board's decision remaining final and any subsequent attempts to raise issues related to that decision on appeal being waived or dismissed." *Giantonio v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 47. C.D. 2010, filed June 30, 2010), slip op. at 5 (citing *Buongiovanni*, 345 A.2d at 785).

[8] Unreported opinions of this Court issued after January 15, 2008, may be cited for their persuasive value. *See* Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b); Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

For example, in *Washington v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1513 C.D. 2022, filed November 3, 2023), a claimant who received PUA and FPUC benefits argued that any overpayment should be waived under Section 2104(f)(2) of the CARES Act, 15 U.S.C. § 9023(f)(2), as contrary to equity and good conscience. We opined, however, that under *Rouse*, 41 A.3d at 213, a waiver of repayment must be initiated by a request for waiver filed by a claimant and determined in a separate administrative proceeding by the Department. *Id.*, slip op. at 6-7. We reasoned that because the only issue before the Board was whether the claimant received an overpayment of benefits and whether the overpayment was fraudulent, the issue of waiver had not been adjudicated and decided by the Department. *Id.*, slip op. at 7. Thus, we concluded that because a record was not made by the fact finder on the waiver of repayment, this Court could not consider the issue. *Id.*

The facts of this case are similar to those presented in *Washington*. Claimant argues that waiver of her repayment obligations is warranted because repayment would be contrary to equity and good conscience. However, the record does not indicate that Claimant requested a waiver of the PUA overpayment and that the Department adjudicated any waiver requests, and this does not appear to be in dispute. Thus, as we explained in *Washington* and *Rouse*, Claimant must submit a request for waiver of repayment, which, if denied and appealed, will be decided in a separate administrative proceeding by the Department. Because this has not occurred, this Court cannot consider the waiver issue in this appeal.

While this Court is cognizant that there were multiple underlying UC determinations, docket numbers, and Department determinations, which at times, may have caused confusion, we are nevertheless constrained to conclude that only

6

the issue of Claimant's non-fraud PUA overpayment is before this Court. *See generally Mull v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1518 C.D. 2022, filed Dec. 21, 2023). As such, because Claimant did not appeal the Board's order related to eligibility, Claimant cannot now challenge the determination that Claimant was ineligible through an appeal of only the non-fraud overpayment determination. *See Jones v. Unemployment Comp. Bd. of Rev.*, 344 A.2d 287, 288 (Pa. Cmwlth. 1975) ("[B]ecause there was a right of appeal from the [Department's] determination of ineligibility[,] such a determination could not be attacked collaterally in a later proceeding to determine whether or not the overpayments were due to the fault of the recipient.").

Accordingly, we are constrained to affirm.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Adina Spilky,                                    :
                        Petitioner               :
                                                 :
            v.                                   :    No. 364 C.D. 2024
                                                 :
Unemployment Compensation                        :
Board of Review,                                 :
                        Respondent               :

## **O R D E R**

    **NOW**, December 17, 2025, the Order of the Unemployment Compensation Board of Review, dated March 8, 2024, is **AFFIRMED**.

                                        _____

                                        RENÉE COHN JUBELIRER, President Judge